## DeFLORIN v. THE STATE.

A "suit club," whose members pay to a tailor one dollar per week, and which holds weekly drawings as a result of which the member holding the lucky number receives from the tailor a suit of clothes and then ceases to be a member of the club, is a scheme in the nature of a lottery. This is so although an unlucky member who continues to pay his dollar weekly for thirty weeks is entitled to a thirty-dollar suit of clothes regardless of the result of the drawings.

Submitted January 16, — Decided January 26, 1905.

Accusation of carrying on a lottery. Before Judge Eve. City court of Richmond county. November 30, 1904.

*Charles P. Pressly* and *Bryson Crane,* for plaintiff in error.
*D. G. Fogarty, solicitor,* contra.

CANDLER, J. The sole question presented for our decision is whether, under the facts stated below, the accused was guilty of the offense of carrying on a lottery. DeFlorin operated what was known as a "suit club." The plan of the club was as follows: Thirty men paid a dollar each to DeFlorin, who was a tailor, and received cards bearing numbers from one to thirty. Once a week slips of paper bearing numbers corresponding to those on the cards of the members were placed in a box, and some disinterested person drew therefrom one slip. The member who held the lucky number was then entitled to a suit of clothes made by DeFlorin, worth thirty dollars. This member then

dropped out of the club, and his place was supplied by some one .else.    If a member paid a dollar a week for thirty weeks, he was entitled to a suit whether he drew the lucky number or not.

We do not hesitate to hold that this scheme constituted a lottery.    We do not deem it necessary to go into a full discussion of the law on this subject; for in the case of *Meyer* v. *State,* 112 *Ga.* 20, Mr. Justice Cobb has given such an exhaustive review of the decisions of this and other courts in regard to lottery devices that nothing can be added thereto.    We will merely quote from the opinion of Robertson, J., in Shumate's case, 15 Grat. 653, which is quoted with approval in the *Meyer* case, as covering the only point in the case at bar about which there can be the slightest doubt.    " It is true that a bet does imply risk, but it does not necessarily imply risk in *both* parties.    There must be between them a chance of gain and a chance of loss; but it does not follow that each of the parties to the bet must have both these chances.    If, from the terms of the engagement, one of the parties may gain but can not lose, and the other may lose but can not gain, and there must be either a gain by the one or a loss by the other, according to the happening of the contingency, it is as much a bet or wager as if the parties had shared equally the chances of gain and of loss."    So, in the present case, the fact that a member who was unlucky in the drawing of prizes might, by continuing to pay a dollar a week for thirty weeks, receive a suit of clothes regardless of the result of the drawings, does not make the transaction any the less a lottery; for the lucky members of the club won prizes varying in value from one to twenty-nine dollars.    We are clear that the rulings of the trial judge on the agreed statement of facts and on the demurrer to the accusation were correct.

*Judgment affirmed.    All the Justices concur.*