WHITLEY *v.* McCONNELL.

1. Where an owner of land subdivided it into lots or parcels, and offered them for sale at public outcry, announcing that after the sale a drawing would be had, at which each purchaser would be entitled to draw, and the lucky person would receive, in addition to his purchase, a certain lot which was not to be put up at the sale, this was a scheme in the nature of a lottery.

2. A court having equitable jurisdiction will decline to enforce any such scheme by decreeing specific performance of the agreement as to the drawing.

3. Nor will the court decree that a conveyance of such prize lot be made to one who purchased another lot, or adjudge that he recover possession of the additional lot, on the ground that the seller, who reserved the right to start the lots or make the first bid on them, failed to obtain another bid on the second lot offered for sale, and thereupon withdrew it and stopped the sale.

Argued July 9, 1909.—Decided January 12, 1910.

Equitable petition. Before Judge Edwards. Douglas superior court. May 8, 1908.

*J. S. James,* for plaintiff. *J. H. McLarty,* for defendant.

LUMPKIN, J. Whitley brought his action against McConnell, seeking to recover a certain lot of land, and to have the latter specifically perform an alleged contract of sale to him. The defendant denied any contract of sale as to the lot in controversy, and pleaded illegality of consideration as to the agreement to have a drawing for a lot. The evidence introduced by the plaintiff showed, in brief, as follows: The defendant advertised for sale a tract of land divided into six or seven parcels. There was a lot separated from the main tract. It was announced by him and his auctioneer that each purchaser of a lot would have a chance at the lot which was not to be put up, and the purchasers would draw for it and see who would get it. Defendant announced that he reserved the right to start the lots, or, as some of the witnesses expressed it, to make the first bid on them. There was a small crowd present. When the first parcel was offered, he started it at $25, another person bid $25.25, and the plaintiff bid $25.75. It was knocked down to him. A second parcel was put up, and the defendant started it at $25. No other bid was received, and he stopped the sale. Plaintiff asked defendant about the drawing, and the latter said he would "fix the drawing" up at a named store, after the lot bought by plaintiff was paid for and the deed to it made. After this was done, defendant offered to prepare two tickets, one having figures on it, and one a blank, and to let plaintiff draw, and if he drew the one with figures on it, he could have the lot; if not, the defendant would keep it. Plaintiff claimed, that, as he was the only person at the sale who bought a lot, the defendant had no right to draw, and that plaintiff was entitled to the lot. Defendant refused to have a drawing unless there was a ticket for himself, or to convey the land to the plaintiff. Thereupon this action was brought. On the close of the plaintiff's evidence, the court granted a nonsuit, and the plaintiff excepted.

The penal law of this State prohibits any lottery, gift enterprise, or other similar scheme or device. Penal Code, §§406, 407. In the Civil Code, §3668, it is declared that a contract which is against the policy of the law can not be enforced, and among the illustrations given are "wagering contracts." In *Meyer* v. *State*, 112 *Ga.* 20 (37 S. E. 96, 51 L. R. A. 496, 81 Am St. R. 17), it was held that a merchant who gave to a designated class of customers an opportunity to secure by lot or chance any article of value, ad-

ditional to that for which such customer paid, violated section 407 of the Penal Code; and in *DeFlorin* v. *State,* 121 *Ga.* 593 (49 S. E. 699, 104 Am. St. R. 177), it was held that an arrangement by which members of "a suit club" paid to a tailor one dollar per week, and weekly drawings were held as a result of which the member holding the lucky number received from the tailor a suit of clothes and then ceased to be a member of the club, was a scheme in the nature of a lottery, although a member who did not hold a lucky number and who continued to pay his dollar a week for thirty weeks was entitled to a thirty-dollar suit of clothes, regardless of the result of the drawings. Enticing offers of this kind are unfortunately not uncommon in the effort to attract trade or make sales. But they are illegal. That a lottery or gift enterprise scheme is added to legitimate business to draw customers or buyers by appealing to the hope of securing something by chance, beyond the article actually bought, does not sanctify such an appeal to the gambling disposition so common in human nature, or make the agreement lawful. The courts will not enforce any such executory contracts. This has been repeatedly announced, not because of any more regard for the promisor than the promisee; but simply because the law must be upheld, and courts will not enforce contracts of this character, which violate its positive prohibitions.

In the case at bar the plaintiff did not buy the lot involved in controversy. He bought another lot, with a chance to get this one at a drawing to be had after the sale. The scheme of the sale was to induce purchasers to bid, by means of the hope on the part of each that, in addition to the lot which he actually bought, he might get a prize—another lot—as a result of chance at a drawing. This was a scheme in the nature of a lottery, and could not be enforced by decree for specific performance, or by a judgment for the recovery of the land by a purchaser of another lot. It is immaterial that there was but one lot actually sold, and that the owner, having started the next lot and having failed to get another bid, withdrew it. If all had been sold, the scheme would have been illegal. It was not made legal because only one lot was sold.

In his petition the plaintiff did not allege the chance element of the auction sale, but the evidence introduced by him disclosed it; and the grant of a nonsuit was proper.

*Judgment affirmed. All the Justices concur.*