## 4555.   ALEXANDER *v.* CITY OF ATLANTA.

1. The agreed statement of facts discloses a very plain violation of the law of this State which forbids keeping a gaming-house. One who permits others to assemble in a house or room which is in his control and play a game of chance in which a thing of value is hazarded is guilty of keeping a gaming-house, regardless of his purpose in permitting the game.

2. In the absence of express statutory authorization to the municipality, a municipal ordinance which attempts to punish for an act which has been penalized by a law of the State is void. When the State prescribes a punishment for an act as a crime, its jurisdiction to punish for that act is exclusive, unless the right to punish for it has been expressly delegated to a subordinate department of the government.

DECIDED AUGUST 30, 1913.

Certiorari; from Fulton superior court—Judge Bell. November 1, 1912.

*Moore & Branch,* for plaintiff in error.

*James L. Mayson, W. D. Ellis Jr.,* contra.

RUSSELL, J. The plaintiff in error was tried before the recorder of the City of Atlanta, charged with a violation of a municipal ordinance under which it was made unlawful for any person, firm, or corporation to conduct or carry on any business in the City of Atlanta by means of any wheel or similar device in which the elements of chance are used for the purpose of attracting trade. The case was tried upon an agreed statement of facts, and the trial resulted in the conviction of the accused. On certiorari the superior court affirmed the judgment of the recorder.

Two defenses are presented by the writ of error: (1) that the evidence does not show that the accused was guilty of any offense; and (2) that it was not within the power of the municipal court to punish the accused; for the reason that the ordinance is void because it is covered by the State law, and attempts to punish for acts as to which provision is made by the State law.

1. In view of what we shall hold as to the second contention of the plaintiff in error, it would seem unnecessary to rule upon the first point, were it not for the fact that the determination of the question as to whether the accused was shown to have been guilty of a violation of a State law renders plain our duty under the law in ruling upon the second point. According to the agreed statement of facts, the accused had in charge in his place of business a

species of slot-machine, in which, if one deposited a nickel, he was certain to receive in return a package of chewing gum, with the chance of winning with the next nickel twenty trade-checks, which could be exchanged for twenty drinks of beer. The instrument itself developed the occasion when this profitable return for the investment of a nickel could be received; but naturally there was always in the mind of the player the expectation, when he deposited his nickel, that the next turn of the wheel would bring the indication or announcement of the coveted twenty trade-checks. We agree with counsel for defendant in error that "the machine described in the agreed statement of facts is a perfection of invention in concealing its true purpose. As described it might be mistaken for an alms box beside a church door; but it has its fangs." According to the evidence, one of the results of this fascinating game was that on Saturdays the machine would sell from 75 to 100 packages of gum, and would attract crowds of spectators, as well as participants, while it was being operated. There can be no doubt that the agreed statement of facts showed the defendant to be guilty of a violation of the State offense of keeping a gaming-house. Penal Code, § 389. The contention is made that the operation of the machine can not be considered a game of chance, for in any event, and for every nickel deposited, the player received the value of his money. It may be true that the player receives the value of the money he deposits in the slot, but he stands a chance to get twenty times its value, and it is the pressure of this chance that continues the progress of the game and makes it a game of chance. *Meyer* v. *State,* 112 *Ga.* 20 (37 S. E. 96, 51 L. R. A. 496, 81 Am. St. R. 17); *Whitley* v. *McConnell,* 133 *Ga.* 738 (66 S. E. 933, 27 L. R. A. (N. S.) 287), 134 Am. St. R. 233. In order to commit the offense of gaming it is not necessary that money be the stake; the statute penalizes also playing for anything of value. The twenty trade-checks, according to the statement of facts, have a value of $1; and as gaming does not necessarily consist in playing for money, it is not necessary, to constitute a violation of the law against keeping a gaming-house, that money shall be hazarded. One who permits others, with his knowledge, to come together and play in a house or room, which is under his control, for articles of value other than money is just as guilty as if money alone was at stake.

2. Having reached the conclusion that the defendant is guilty of keeping a gaming-house, it is of course clear that it is not within the power of the City of Atlanta to punish for this offense. The ordinance attempts to avoid the effect of the usual rule upon this subject by penalizing only such gaming as may be done in the conduct or carrying on of other business and for the purpose of attracting trade. The statute of the State forbids the keeping of a gaming-house, no matter what may be the purpose with which it is kept; and as much denounces the offense if the purpose is to attract trade to those who are engaged in a business, as it does in a case where such a consideration is wholly foreign to the intentions of the keeper of the house. When the State assumes to punish for the commission of an act which it has denounced as a crime its reservation of jurisdiction is absolutely exclusive; it reserves to itself the sole right to punish the offender, not only in the maintenance of its own dignity, and with a view to uniformity of procedure and penalty, but also in order to protect the citizen from being twice placed in jeopardy or from being twice punished for the same offense. There is no exception to this rule save where the State expressly delegates to some subordinate department of the government the right, in its stead, to punish for the particular act forbidden by the State law.

The enactment by a municipality of an ordinance against the keeping of a gaming-house by one who is carrying on a business, and whose purpose in keeping the gaming-house, or keeping a gambling device in a house under his control, is merely to attract trade, is absolutely futile, because a statute of the State forbids the keeping of a gaming-house by any person, and does not permit it for any purpose; and the addition in the ordinance of descriptive terms applicable to only one class of persons who might keep gaming-houses does not add a single additional element to the constituents of the State offense, or subtract a single ingredient therefrom.

The decision of this case is practically controlled by the ruling of this court in *Cotton* v. *Atlanta,* 10 *Ga. App.* 397 (73 S. E. 683). This case differs from that of *Athens* v. *Atlanta,* 6 *Ga. App.* 244 (64 S. E. 711), and similar cases cited; and the rulings in those cases will not be extended. This court, recognizing the extreme difficulty attending the enforcement of the regulations prohibiting

the traffic in intoxicating liquors, went to the extreme limit allowable under the peculiar circumstances of those cases.

Nothing is better settled than that an ordinance by which a city attempts to interfere in the enforcement of a State statute, or to assume jurisdiction of offenses which are cognizable alone under the laws of the State, is absolutely void. For this reason, in the absence of an express grant to the City of Atlanta in its charter, the ordinance under which the accused was convicted is void, his conviction was unauthorized, and the judge of the superior court erred in not sustaining the certiorari. *Judgment reversed.*