## 5412. EVERETT *v.* CITY OF VIDALIA.

RUSSELL, C. J. 1. Evidence of a single illegal sale of intoxicating liquor, without further proof, may be sufficient to authorize the inference that intoxicants were kept for the purpose of illegal sale, in violation of a municipal ordinance penalizing such keeping, and to justify a conviction under the ordinance, provided the evidence is sufficient to satisfy the mind that this purpose existed at or before the time of the alleged sale; but a conviction under the ordinance can not be supported when it does not appear that a sale was intended by the owner of the liquor before the liquor was consumed, though there is evidence that money was afterwards paid to the owner for the liquor consumed, and though if the accused were charged with a sale in violation of the State prohibition law, this evidence would warrant a conviction.

2. In view of the foregoing ruling, the evidence in this case was insufficient to show that the accused was guilty of keeping intoxicating liquor for sale, to the exclusion of every other reasonable hypothesis than that the custody of the intoxicants was for that purpose; and the court erred in overruling the certiorari.       *Judgment reversed. Roan, J., absent.*

DECIDED JUNE 22, 1914.

Certiorari; from Toombs superior court—Judge Rawlings. December 3, 1913.

Minnie Everett was convicted in the mayor's court of Vidalia on the charge of having violated a municipal ordinance forbidding the keeping and storing of whisky or other intoxicating liquors for the purpose of sale. Her petition for certiorari alleged that the conviction was contrary to law and to the evidence. On the trial Lige Oliver testified: "On a Saturday night, some time in March or April of this year, myself, Charlie Langston, Daisy Smith, and Ella Peterson all went to this woman's house (meaning the defendant's house), and asked for some whisky. She was in bed and it was dark. We made a light in the fireplace and she got a bottle of whisky from under a table and set it out on the table, and we all drank some of it. We poured it out in a glass and we all drank a glass or two. I paid her 75 cents for it." Charlie Langston testified that on the night mentioned in the testimony of Lige Oliver, he, with the other named witnesses, got some whisky from the defendant, and that all of them drank some of it. He did not see any one pay her for the whisky. On Monday night afterwards he paid Lige Oliver 35 cents for his part of the whisky. Daisy Smith and Ella Peterson testified that they were at the defendant's house at the time referred to by the preceding witnesses, but did not pay for whisky or see any one else do so. The accused, in her statement at the trial, denied that she sold whisky or kept whisky for sale, or that she was paid for the whisky as to which the witnesses had testified. She said that the whisky in the bottle referred to was kept by her for her own use, and that when Lige Oliver asked for whisky, she told Ella Peterson that there was a little whisky in the bottle, and to give it to him, and that they could have it. There was no further evidence as to the keeping or sale of whisky or of other intoxicating liquor.

*W. M. Lewis,* for plaintiff in error. *B. P. Jackson,* contra.