## 5671. JONES v. CITY OF ROME.

1. The Court of Appeals does not appraise the credibility of witnesses. In a prosecution for keeping intoxicating liquors for sale in violation of a municipal ordinance, the municipal court is authorized to credit one witness, rather than a number of witnesses who may contradict his testimony, and in spite of efforts to impeach him.

2. The verity of assignments of error in a petition for certiorari is tested by the answer; and an assignment of error based on a statement of fact which is denied in the answer can not be considered by a reviewing court.

3. The only question of law presented by the record is controlled by the rulings of this court in *Athens* v. *City of Atlanta*, 6 *Ga. App.* 244 (64 S. E. 711), and *Callaway* v. *City of Atlanta*, 6 *Ga. App.* 354 (64 S. E. 1105). Proof of the sale of intoxicating liquor is ordinarily sufficient to support the inference that the liquor in question was kept on hand for the purpose of illegal sale; and generally the fact that the intoxicating liquor is kept at a place of business is immaterial if the evidence discloses that it was kept for the purpose of sale, since the State law prohibits the keeping on hand of intoxicants at a place of business for any purpose. In such a case, though an offense against the law of the State may incidentally have been committed, the municipal offense is distinct and separate from it, by reason of the fact that an additional element is required to complete the offense against the municipality.

4. The judge of the superior court did not err in overruling the petition for certiorari.

DECIDED AUGUST 22, 1914.

Certiorari; from Floyd superior court—Judge Wright. April 3, 1914.

*Eubanks & Mebane,* for plaintiff in error.
*Max Meyerhardt,* contra.

RUSSELL, C. J. The plaintiff in error, who was convicted by the recorder of the City of Rome, and later, upon appeal, by the mayor and council of that city, of having intoxicating liquors "in his possession, custody, and control for the purpose of barter or sale," excepts to the judgment of the superior court in refusing to sustain his certiorari. Three points are made in the petition for certiorari: (1) That the evidence is insufficient; (2) that the judgment of guilty rendered by the mayor and council was rendered in the absence of the accused and after the mayor and council had excluded every one (including the accused himself) from the council chamber, used as a court-room; and (3) that the evidence shows that the liquor in question, if sold by the accused, was sold at his place of business, and the act constituted an offense of which the State courts have exclusive jurisdiction.

1. As to the first assignment of error it need only be said that one witness testified that on three separate occasions he bought from the accused, at Campbell's pool-room, in the city of Rome, a bottle of corn whisky, paying him each time 75 cents for the whisky. It is true the witness testified that he was paid $2.50 per day and his expenses, to catch "blind tigers" in the city of Rome, and $50, his railroad expenses, and hotel bills, for coming as a witness before the mayor and council; but the credibility of a witness testifying in a mayor's court is exclusively for the trial court. In *Jones* v. *Carrollton,* 13 *Ga. App.* 631 (79 S. E. 583), we held: "1. The reviewing court will not attempt to pass upon the credibility of witnesses in a prosecution for keeping intoxicating liquors on hand. 2. In a prosecution for keeping intoxicating liquors for sale in violation of a municipal ordinance, the mayor is authorized to credit one witness rather than any number of witnesses who may contradict his testimony, and notwithstanding any efforts to impeach him." The municipal court, if it sees proper to do so, has the power to give full faith and credit to a witness, in spite of the fact that he is being paid to testify, though ordinarily it would seem that justice would look askance at such testimony. The question as to who employed the witness, as to whether he was employed by the persons composing the municipal court sitting on the appeal, and whether thus the defendant's right to a fair trial was prejudiced, is not raised in the record.

2. The petition for certiorari contains a second assignment of error, in which it is alleged that the defendant was excluded from the court-room during the consideration of his case by the mayor and council, and that he was not in the court-room at the time the judgment was rendered and sentence imposed. In the answer this assignment of error is denied in toto; and since the reviewing court can only look to the answer for the truth of any allegation as to what occurred in the trial, this exception presents nothing for our consideration.

3. The third and last ground of the petition for certiorari is that if the liquor was sold as alleged, the sale was at the place of business of the accused, which the evidence disclosed to have been a public place, and therefore the act constituted a violation of the general prohibition law, of which the State courts alone have jurisdiction. We have had frequent occasion to rule upon municipal

ordinances which sought to impinge upon the jurisdiction of the State courts. See *Cotton* v. *Atlanta,* 10 *Ga. App.* 397 (73 S. E. 683) ; *Alexander* v. *Atlanta,* 13 *Ga. App.* 354 (79 S. E. 177). In the *Alexander* case we held that the rulings in *Athens* v. *Atlanta,* 6 *Ga. App.* 244 (64 S. E. 711), and in similar cases dealing with municipal ordinances directed against the keeping of intoxicants, would not be extended. However, these rulings, until expressly reviewed and overruled, must be adhered to. Nothing is better settled, of course, than that where the State undertakes to penalize an act and to punish those who commit it, the jurisdiction of the State courts is exclusive. As to the act denounced by the State, the fact that the State has provided a penalty precludes the imposition of punishment by municipal courts, but if the offender, in violating the State law, does some additional act which in and of itself is deemed offensive to the good order, peace, and dignity of the municipality, and if the State has not denounced this latter act, the municipal court will not be precluded from punishing for the commission of that act merely because the State has denounced and reserved to itself the right to punish for a concurrent offense. As stated in *Athens* v. *Atlanta,* supra: "A municipality may, under its ordinances, punish for keeping intoxicating liquors on hand for the purpose of illegal sale; and it makes no difference in a particular case that the keeping of liquor for this purpose was at a place of business or other public place. The municipal offense is separate and distinct from the State crimes which may have been incidentally committed in connection with it."

It is well settled, of course, that ordinarily proof of a sale of intoxicating liquor is a circumstance sufficient to support the inference that the liquor in question was kept on hand for the purpose of sale, though there are cases where the sale alone is not sufficient for this purpose. *Everett* v. *Vidalia,* 14 *Ga. App.* 664 (82 S. E. 50). The general prohibition law forbids any persons to "keep on hand at their place of business any alcoholic, spirituous, malt, or intoxicating liquors." Penal Code, § 426. This prohibits the keeping on hand of liquors for any purpose at a place of business; and, under the evidence, the accused could have been convicted of a violation of the State law. The city ordinance under which he was convicted imposed a penalty "for having in his possession, custody and control, for the purpose of barter or sale, intoxicating liquors."

Under this ordinance the charge was made, and it is the validity of this ordinance which is attacked. It can not be said that the ordinance necessarily impinges upon the law of the State, for the law of the State prohibits only the keeping on hand ·of intoxicating liquors at one's place of business, while the municipal ordinance prohibits an act not forbidden by the State, to wit, the having of such liquors in one's possession, for the purpose of sale, at his residence, or at the place of business of some one else, or at a place which was not used for business or residence. The State law does not prohibit the keeping on hand of liquor for the purpose of barter and sale, except in so far as the keeping of intoxicants at one's place of business, no matter for what purpose, is penalized. For this reason a municipality may punish one for having intoxicating liquors in his possession, for the purpose of barter and sale, at any place other than the defendant's place of business; and for this reason the ordinance is valid and the trial was regular.

If the defendant had objected to the introduction of the testimony, upon the ground that it disclosed a violation of the State law for which the defendant could be punished, or had moved to exclude the testimony after this fact developed, a different question would be presented. But after having waived the incompetency of the testimony and taken the chances on the result in the trial court, it was too late to raise in the reviewing court for the first time the contention that the evidence was inadmissible and incompetent.

4. For the reasons above stated, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Roan, J., absent.*