6856.  PEACOCK *v.* SAVANNAH WOODENWARE COMPANY.

RUSSELL, C. J.  1.  The claimant failed to carry the burden imposed upon him by proof that the automobile in question was in the possession of the defendant in fi. fa., at the time the fi. fa. was levied on the machine as the property of the defendant in fi. fa.; and the trial judge (sitting by consent without a jury) properly rendered the judgment finding the property subject to the levy.

(a)  A reservation of title to an automobile, described in the instrument in which the vendor reserved title as "Saxon Car # 22," does not effectuate a retention of title in an automobile designated as "Saxon runabout automobile # O A 400." The variance in description raises a distinct implication of the existence of two different machines, but in no event could proof of a claimant's ownership of "Saxon Car # 22" defeat a levy upon "Saxon runabout Automobile # O A 400," unless it were shown that, because of fraud, accident, or mistake, the machine mentioned in the written reservation of title was erroneously described therein.

2.  When it is admitted that the terms of a contract of sale were reduced to writing, and that this writing evidences the true ownership of personalty which is in dispute, and it is further admitted that this writing (which admittedly shows in whom really rests the title to the property in dispute) is in court and is in the possession of a witness on the stand, oral testimony that the witness is himself the owner, and as to how the sale was made, should not be permitted.  Civil Code, § 4268 (1).

3.  The trial judge properly overruled the motion for a new trial.

*Judgment affirmed.*

DECIDED MAY 19, 1916.

Levy and claim; from city court of Thomasville—Judge W. H. Hammond.  July 23, 1915.

*Fondren Mitchell,* for plaintiff in error.