7132. SHEPHERD *v.* CITY OF JACKSON.

RUSSELL, C. J.  1. The jurisdiction of the State courts to try persons charged with the offense of selling intoxicating liquors is exclusive, and a municipal court can not punish for a violation of the State law. There may be cases in which proof of a single sale, without more, may not necessarily imply that the seller kept liquors for sale. *Everett* v. *Vidalia,* 14 *Ga. App.* 664 (82 S. E. 50). However, proof of a single sale, if made under such circumstances as to show either a continuing purpose on the part of the vendor to sell a stock of liquor, or to indicate that the particular liquor sold was kept for that purpose (*Rooney* v. *Augusta,* 117 *Ga.* 709, 45 S. E. 72; *Reese* v. *Newnan,* 120 *Ga.* 198, 47 S. E. 560), will suffice to authorize a conviction under a municipal ordinance forbidding the keeping of intoxicants for the purpose of unlawful sale.

2. It is too late to raise for the first time in a petition for certiorari questions which were not presented to the inferior judicatory whose judgment is to be reviewed. Therefore, since the question whether the defendant in the mayor's court was deprived of due process of law within the meaning of that term in the Federal constitution, or was deprived of any other constitutional right by the refusal of the municipal court to exclude certain testimony upon motion, was not presented for determination in the trial court, neither the judge of the superior court in the first instance, nor this court upon review, can consider the point.

3. There was no error in refusing to sanction the certiorari.

                                                          *Judgment affirmed.*

DECIDED MAY 31, 1916.

Certiorari; from Butts superior court—Judge Searcy.  September 30, 1915.

*Smith & Russell, C. L. Redman,* for plaintiff in error.

---

7139. SANCHEZ *v.* SAVANNAH WOODENWARE CO.

RUSSELL, C. J.  This case is controlled by the rulings in the case of *Peacock* v. *Savannah Woodenware Co.,* ante, 127 (88 S. E. 906), and it was not error for the court to overrule the motion for a new trial.

                                                          *Judgment affirmed.*

DECIDED MAY 31, 1916.

Action on bond; from city court of Thomasville—Judge W. H. Hammond.  November 15, 1915.

*Fondren Mitchell, C. E. Hay,* for plaintiff in error.

*Titus, Dekle & Hopkins,* contra.