6657.  WEBB *et al. v.* REHBERG, for use, etc.

WADE, C. J. 1. Where a claim to personal property under levy is interposed, and the claimant gives a forthcoming bond payable to the levying officer, the obligations arising under the bond are between the claimant and the officer; and where the property is surrendered to the officer on or before the day of sale and accepted by him in full satisfaction of the bond, the bond becomes functus officio, and the obligors thereon are relieved from all liability thereunder.

(a) The levying officer could decline to accept, before the date of sale, the surrender of the property, for the forthcoming of which bond had previously been executed to him, as, by his acceptance of the property, the expense of its keeping from the date of acceptance to the day of sale would fall upon him; for, as ruled in *Houser* v. *Williams,* 84 *Ga.* 601, and *Williams* v. *Houser,* 90 *Ga.* 21, such expense could not be taxed against the plaintiff in fi. fa.; but where the levying officer, who is the nominal obligee in the bond, accepts the return of the property in full satisfaction of the obligation, he does so at his risk, and such acceptance operates to discharge the obligors from all liability thereon.

2. The exceptions pendente lite failed to disclose the grounds of objection sustained by the trial judge in disallowing the proffered amendment to the plea, and the recital in the final bill of exceptions (sued out approximately 5 months after the ruling complained of and after the adjournment of the trial term) of the objections urged against the amendment disallowed by the court can not be considered in aid of or for the purpose of perfecting the exceptions pendente lite. From all that appears in the exceptions pendente lite, the court may have rejected the amendment because of failure on the part of the defendants to comply with the provisions of section 5640 of the Civil Code, since it does not appear from the record that such provisions were waived. See *Benson* v. *Marietta Fertilizer Co.*, 139 *Ga.* 691. No question for decision by this court is presented by the exceptions actually taken to the disallowance of the amendment (*Higdon* v. *Bell*, 144 *Ga.* 485 (2) ), since the ruling complained of was not made within the time covered by the final bill of exceptions, and there was no sufficient bill of exceptions pendente lite.

3. The original plea filed by the defendants alleged that they delivered to the deputy sheriff of Thomas county one of the mules for which the forthcoming bond was given, and that before the day of sale the other mule was claimed by third persons, who duly filed a claim affidavit with a bond for damages and with a forthcoming bond as required by law, "and that said W. A. Rehberg, as deputy sheriff, as the law requires, delivered said property to said J. E. Webb and company [the parties interposing a second claim], and that by accepting said claim bond and delivering said property thereunder defendants in the above-stated case, S. M. Webb and S. W. Webb, were thereby relieved of any and all liability under said bond set out in plaintiff's petition." This plea sufficiently indicated the surrender to the officer of the property described in the bond, on or before the day of sale, and its acceptance by him, or the retaking of the same by the officer from the original claimants who executed the forthcoming bond sued upon, since it alleges that the deputy himself *delivered* the property to other persons (the new claimants) and accepted a bond from them thereafter, and taining possession of the same again, either with or without the con- the sheriff could not deliver the property to another without first obsent of the defendants, the makers of the said bond. See, in this connection, *Floyd* v. *Cook*, 118 *Ga.* 526, 527; *Allen* v. *Allen*, 119 *Ga.* 278. The trial court therefore erred in sustaining the demurrer to the second paragraph of the plea of the defendants and in striking the same.

4. The decision in the case of *Peacock* v. *Savannah Woodenware Co.*, ante, 127 (88 S. E. 906), turns upon the question whether or not the claimant sufficiently carried the burden imposed upon him by reason of certain proof made, and also upon whether or not certain oral testimony was admissible. The decision in the case of *Sanchez* v. *Savannah Woodenware Co.*, ante, 216 (89 S. E. 80), is in full as follows: "This case is controlled by the rulings in the case of *Peacock* v. *Savannah Woodenware Co.*, ante, 127 (88 S. E. 906), and it was not error for the court to overrule the motion for a new trial." While an examination

of the record in the last-mentioned case discloses that practically the same points were made in that case as in the case now under consideration, it does not appear from the decision quoted above that these points were in fact considered and determined, but to the contrary it appears that the *Sanchez* case was controlled by the rulings in the *Peacock* case, and the *Peacock* case was decided upon propositions altogether different. However, the ruling in the *Sanchez* case will not be followed, and, in so far as it may affect any question decided in the present case, it is hereby distinctly overruled, after careful review.

5. The trial judge erred in overruling the motion for a new trial.

*Judgment reversed.*

DECIDED JUNE 27, 1916. ON REHEARING, SEPTEMBER 21, 1916.

Action upon bond; from city court of Thomasville—Judge W. H. Hammond. March 18, 1915.

*H. J. MacIntyre,* for plaintiffs in error. *C. E. Hay,* contra.