### 7675.  ROWLAND v. DEVON MANUFACTURING COMPANY.

WADE, C. J.  The evidence did not demand a finding that the contract sued upon was based upon a gambling, immoral, or illegal consideration; and the judge of the superior court did not err in overruling the certiorari.    *Judgment affirmed.  George and Luke, JJ., concur.*

DECIDED MARCH 16, 1917.

Certiorari; from Floyd superior court—Judge Wright.  June 27, 1916.

The Devon Manufacturing Company sued in a justice's court for $30.99, on an account from which it appeared that this sum was a balance due on the price of "1 Devon's 10c A punch asst. No. 8, $40.00."  Liability was denied by the defendant on the ground that the account was for "a lottery or gambling device." At the trial on appeal in the justice's court the defendant was introduced as a witness for the plaintiff, and from his testimony it appeared that the property described in the account was sold to him on a written order signed by him (which was introduced in evidence), directing the plaintiff to ship to him "one assortment No. 8, at $40.00," consisting of "8 watches, 92 pieces of jewelry and cutlery, and 400 packages of chewing gum."  The order contained stipulations as to the return of unsold goods offered for sale "as per printed directions" for sixty days from date of invoice, and the payment of 80 per cent. of the gross receipts, "which is 8c for each sale."  It concluded as follows:  "You agree to place in center of tray an extra watch, for which no charge is made; this watch to be used as per printed directions or returned by me with the unsold goods.  No salesman has authority to collect money or goods or make settlement of this account.  It is understood that I have no agreement with you [except ?] as herein stated."  (The bracketed word "except" in the preceding sentence does not appear in the contract as copied in the record, but appears in the brief of counsel, in what purports to be a quotation from the contract.)  In the writing referred to it was stated that the signer's "line of business" was "lunch counter."  It did not appear what were the "printed directions" referred to.  The defendant testified: "The account sued on was contracted for a device as follows: You pay a dime and punch a hole in a board that pushes out a number.  With each payment of ten cents you get a package of chewing gum.  There is one grand prize—a watch.  The person

31

drawing the number that corresponds to the number on the watch gets the watch, in addition to the gum and the other prizes that he may draw, but you do not necessarily get a prize with every purchase of a draw. The gum, exclusive of any prize, is not worth five cents per package. Most of the prizes are of small value. Very few of them are worth as much as ten cents each. I bought the board under the terms of the written contract shown me. I have not paid the plaintiff anything on said board. I sold some of the articles through the process explained, and collected for the same, but have never remitted to the plaintiff for the same, otherwise than . . the check which was returned to me." "I sent them a check for $20.80, and they returned the check to me, stating that I owed them more and they would not accept the check in full settlement. I do not consider that I owe the plaintiff anything." A letter was introduced in which the defendant said to the plaintiff: "I have sold from the board received by me your goods to the amount of $26.00. Under our contract I am entitled to 20% on goods sold. Therefore, deducting the 20%, amounting to $5.20, from the amount of the sales, leaves $20.80, for which sum I am sending you check in full settlement of my account. I am also expressing back to you the board with the unsold goods as per contract." There was no other evidence than the written order and this letter and the defendant's testimony as a witness for the plaintiff. The trial resulted in a verdict and judgment against the defendant for $20.80; which, in a petition for certiorari, he alleged to be contrary to law and the evidence. The certiorari was overruled by the judge of the superior court, and error is assigned on this judgment.

Counsel for the plaintiff in error cited: *Alexander* v. *Atlanta,* 13 *Ga. App.* 354 (79 S. E. 177); *Townsend* v. *State,* 14 *Ga. App.* 757, 761 (82 S. E. 253); *Meyer* v. *State,* 112 *Ga.* 20 (37 S. E. 96, 51 L. R. A. 496, 81 Am. St. R. 17); *Equitable Loan &c. Co.* v. *Waring,* 117 *Ga.* 599 (44 S. E. 320, 62 L. R. A. 93, 97 Am. St. R. 177); *DeFlorin* v. *State,* 121 *Ga.* 593 (49 S. E. 699, 104 Am. St. R. 177); *Russell* v. *Equitable Loan &c. Co.,* 129 *Ga.* 154, 161 (58 S. E. 881, 12 Ann. Cas. 129); *Whitley* v. *McConnell,* 133 *Ga.* 738 (66 S. E. 933, 27 L. R. A. (N. S.) 287, 134 Am. St. R. 223); *Garland* v. *Isbell,* 139 *Ga.* 34 (76 S. E. 591). Counsel for the defendant in error contended that the written contract was on its

face complete and legal, and could not be added to or varied by parol proof; that there was no evidence that the seller was a party to any illegal scheme or purpose; and that even if the purchaser used the purchased articles for such a purpose and the seller knew of that purpose, mere knowledge of the purpose would not prevent the seller from recovering their value. In support of the latter contention counsel cited: 2 Elliott on Contracts, § 703; Watkins *v.* Curry, 103 Ark. 414 (147 S. W. 43, 40 L. R. A. (N. S.) 967); Rose *v.* Mitchell, 6 Colo. 102 (45 Am. R. 520); Hodgson *v.* Temple, 5 Taunt. 181; Armfield *v.* Tate, 7 Ired. 259; Hedges *v.* Wallace, 2 Bush, 442 (92 Am. D. 497).

*Harris & Harris,* for plaintiff in error.

*Sharp & Sharp,* contra.