## 15779.   BROCKETT *v.* THE STATE.

Any one operating a slot machine, where persons depositing their money therein and "playing" the machine may, *by chance*, get, directly or indirectly, articles of value worth more than the money deposited in the machine, is guilty of a violation of § 398 of the Penal Code of 1910.

DECIDED NOVEMBER 13, 1924.

Operating gaming device; from Decatur superior court—Judge Eve presiding.   June 26, 1924.

The record contains an agreed statement of facts, as follows: "J. R. Brockett was convicted in the superior court of [Decatur] county of the violation of section 398 of the Penal Code of 1910, which provides as follows: 'No person, by himself or another, shall keep, maintain, employ or carry on any lottery in this State, or any other scheme or device for the hazarding of money or other valuable things.' It is agreed that J. R. Brockett, the defendant, did operate and allow to be operated in his place of business, within the City of Bainbridge, county of Decatur and State of Georgia, within the last two years, the following character and kind of machine, which operated and was operated in the following manner: The machine is a boxed-in, metal-topped construction, 24x18x14 inches, with a slot or aperture on the top thereof into which can be inserted a nickel, or a metal premium check, with a handle immediately to the right thereof and attached thereto. It also has attached a vertical container which holds chewing gum or mints, and is operated as follows: A five-cent coin is deposited in the aperture or slot of the machine, and the pulling of the lever thereon exposes a five-cent package of chewing gum, or of the mints, which is released by the operator pulling a lever and may be operated by the person operating the machine. There is also on the front of the machine the following: 'For 5 cents you receive a package of

confection and — premium checks.' Where the — appears is ·a small window about two inches by two inches in size, and in the window is exhibited each time the word 'No.,' or the number of trade checks that will be received upon the deposit of a nickel and the operation of the machine. On the deposit of each nickel and the pulling of the lever the trader or operator procures a nickel's worth of chewing gum or mints, and is advised in advance, by inspection of the window which is directly in front of the operator, as to whether or not he will receive any checks, and, if so, the number of checks, which number runs to twenty. It is agreed that under the operation of the machine the purchaser procures the chewing gum or mints being vended at the time, except when the checks are redeposited in the machine, and that he knows in advance, by inspection of the window, how many checks he will procure, if any, before he deposits the nickel and the operation of the machine commences in that particular instance; but he does not know what will show up in the window for a future operation, or a succeeding operation. If the window of the machine shows that the operator would get a package of mints and two trade checks of the value of five cents each, which could be traded in at the store of the defendant for any merchandise, or be redeposited in the machine, the operator of the machine would know in advance of the deposit and the operation of the machine that he would procure a package of gum or mints and two trade checks worth five cents each in trade. He would not know, however, what checks, if any, the second, third, fourth, fifth, or future or successive operations of the machine might disclose in the window were he to continue to deposit nickels or checks up to that number. He would know, however, at each instance and upon each deposit and operation of the machine, exactly what and how much he would receive for the deposit so made when the machine was operated. Upon a redeposit into the machine of a premium check the operator would not receive any chewing gum or mints. It is agreed that it is purely a matter of law as to whether or not the operation of the machine above described violates the section under which the defendant was convicted. It is agreed further, by and between the attorney representing the defendant and the solicitor-general representing the State, with the approval of the judge, that the above and foregoing statement of facts sets out and describes the machine, the character

and nature of its operation, and the results obtained thereby, which were the facts of the case as offered upon the trial of said cause."

After conviction the accused moved for a new trial, upon the usual general grounds only; and he excepted to the judgment overruling the motion.

*Hartsfield & Conger,* for plaintiff in error.

*B. C. Gardner, solicitor-general,* contra.

BROYLES, C. J. (After stating the foregoing facts.) In our opinion the slot machine as operated by the defendant was a gambling device, within the meaning of the statute. *Meyer* v. *State,* 112 *Ga.* 20 (37 S. E. 96, 51 L. R. A. 496, 81 Am. St. Rep. 17), and authorities cited; *Alexander* v. *Atlanta,* 13 *Ga. App.* 354 (79 S. E. 177). *Judgment affirmed. Luke and Bloodworth, JJ., concur.*