STATE *vs.* CERTAIN GAMBLING INSTRUMENTS AND APPARATUS OF SAMUEL O. PAUL.

MARCH 3, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J.   This is a proceeding *in rem* to have a certain nickel-in-the-slot machine declared forfeited to the State in accordance with the provisions of Chapter 410, Gen. Laws, 1923.   The proceeding was commenced in the District Court of the Fourth Judicial District.   Said court adjudged the machine to be a gambling instrument and forfeited to the State and ordered a warrant issued for the destruction of said machine.   The owner appealed from the said decision and order to the Superior Court and the case was heard by a justice of said court sitting without a jury

and is now before us on the owner's exception to the action of said justice in adjudging said machine to be a gambling instrument and ordering its forfeiture.

The owner designates the instrument in question as a mint vending machine. Its operation may be briefly described as follows: By depositing a nickel coin in a slot, pulling a lever and turning a knob, the operator receives from the machine one package of mints and, if lucky, brass checks varying in number from two to twenty redeemable at five cents each in trade at the store where the machine is located. For each nickel deposited in the slot the machine delivers to the operator a package of mints of the retail value of five cents. In each instance the machine indicates in advance whether or not the operator will, by that particular operation, receive any checks in addition to the package of mints and, if so, how many. It is contended by the owner that the element of chance is eliminated because the operator always knows in advance what he will receive for the nickel he deposits but the operator knows also that after the expenditure of a nickel in operating the machine the indicator may show that a like expenditure of another nickel may bring, in addition to another package of mints, as many as twenty checks. The chance that the second play will give something for nothing is, apparently, a very strong appeal to the gambling instinct as the owner testified that the machine would sell a thousand times as many mints as could be sold over the counter. On the machine is a printed notice containing a rule to the effect that customers will not be permitted to make consecutive purchases and in an instrument, purporting to be an agreement between the owner and the proprietor of the store from which the machine was taken, is a clause whereby said proprietor agrees to "see" that customers do not use the machine for gambling purposes or in violation of the above rule.

Two persons by alternate playing might operate the machine indefinitely without violating said rule. It would be practically impossible for a storekeeper to watch the

machine every time it is operated, even if it should be assumed that he would be willing to limit his own profits and those of the owner and honestly desires to prevent consecutive playing by the same person, but we are very strongly of the opinion that the rule is a mere subterfuge made use of in an attempt to evade the law. However, the question of intent is unimportant as this is a proceeding not against the owner but against the machine. See 27 C. J. 1045. The questions are whether the machine is so constructed that it may be used as a gambling instrument and whether it was being so used in the store where the machine was seized. It is clear that the machine was so constructed and loaded with packages of mints and with brass checks that it was capable of being used as a gambling instrument. The only evidence as to how the machine was used in said store was the testimony of Ellis A. Cranston, chief of police of the town of Warwick, the town in which the store from which the machine was taken was located, who testified that he, in the presence of a clerk in charge of the store at the time, played the machine three times consecutively and received a package of mints each time; that at the end of the third play the indicator exhibited the figure "2"; that he asked the clerk what the significance was of the figure "2" and was told that by playing another nickel he would get two checks. He further testified that he "played another nickel and got them." It appearing that the machine was so constructed and loaded as to be readily used for gambling purposes and that it was permitted to be so used, we have no hesitation in finding that said machine is a gambling instrument within the purview of Chapters 401 and 410, Gen. Laws, 1923.

The owner's exception is overruled and the case is remitted to the Superior Court for further proceedings in accordance with the decision of said justice.

*Charles Peck Sisson, Attorney General. Harold E. Staples, 4th Asst. Attorney General,* for State.

*Joseph H. Coen,* for owner.