By the Court.
 

 The state introduced but a single witness, Beckman, who testified that he played the machine in question three consecutive times, inserting a 5-cent piece each time; that he received mints on each play, and that, in addition, on the second play, he received checks. These checks were not presented by the witness for redemption in merchandise in the store, but were retained as he says for evidence.
 

 The defendant testifies that he did not cash the checks secured by the state’s witness, Beckman, and that on another occasion, on the same day, he refused to cash checks won by consecutive play by one Lind, who testifies to the same effect on behalf of the defendant. The defendant further testified that he did not permit the violation of the restrictions on the plate as to consecutive playing.
 

 On this state of the record was there a case made of keeping a gaming device for gain in violation of Section 13066, General Code?
 

 
 *346
 
 In the note to the case of
 
 State
 
 v.
 
 Certain Gambling Instruments and Apparatus of Paul
 
 (R. I.), 128 A., 12, the editors of 38 A. L. R. are quoted as saying, at page 73:
 

 “A slot machine, it has been said, is not
 
 per se
 
 a gambling device, since it may be used or played upon for an innocent purpose, and the courts cannot, therefore, take judicial notice that every slot machine is a gambling device, as the use to which it is put must determine its character. 12 R. C. L., 730. * * *
 

 “It is generally held that a slot vending machine, which, in return for a coin deposited therein, dispenses merchandise of the value of such coin, accompanied at occasional and uncertain intervals by a varying amount of money, trade checks, or coupons, is a gambling device. * * *
 

 “Nor is such a machine rendered innocuous by the fact that it indicates in advance of each deposit exactly what it will dispense; it being considered that, in such instances, the player gambles, not on the immediate return for the coin he deposits, but on the hope or chance that the indicator will show a profit on his next play.”
 

 The following cases are cited in support of the text:
 
 Cagle
 
 v.
 
 State,
 
 18 Ala. App., 553, 93 So., 206;
 
 Sheetz
 
 v.
 
 State,
 
 156 Ark., 255, 245 S. E., 815;
 
 Brockett
 
 v.
 
 State,
 
 33 Ga. App., 57, 125 S. E., 513;
 
 Ferguson
 
 v.
 
 State,
 
 178 Ind., 568, 99 N. E., 806, 42 L. R. A., (N. S.), 720, Ann. Cas., 1915C, 172, and notes;
 
 Welch
 
 v.
 
 Commonwealth,
 
 179 Ky., 125, 200 S. W., 371, L. R. A., 1918C, 651;
 
 Tonahill
 
 v.
 
 Molony, Supt. of Police,
 
 156 La., 753, 101 So., 130;
 
 State
 
 v.
 
 Googin,
 
 117 Me., 102, 102 A., 970;
 
 City of Mober
 
 
 *347
 

 ly
 
 v.
 
 Deskin,
 
 169 Mo. App., 672, 155 S. W., 842;
 
 Pure Mint Co.
 
 v.
 
 La Barre,
 
 96 N. J. Eq., 186, 125 A., 105;
 
 Zaft
 
 v.
 
 Milton, Prosecutor,
 
 96 N. J. Eq., 576, 126 A., 29;
 
 People ex rel. Verchereau
 
 v.
 
 Jenkins, Chief of Police,
 
 153 App. Div., 512, 138 N. Y. S., 449;
 
 State
 
 v.
 
 Certain Gambling Instruments and Apparatus of Paul,
 
 (R. I.), 128 A., 12, 38 A. L. R., 71;
 
 Griste
 
 v.
 
 Burch,
 
 112 S. C., 369, 99 S. E., 703;
 
 State
 
 v.
 
 McTeer,
 
 129 Tenn., 535, 167 S. W., 121.
 

 The eases of
 
 Rex
 
 v.
 
 Stubbs,
 
 9 Alberta L. R., 26, and
 
 Rex
 
 v.
 
 Langlois,
 
 23 Canadian Crim. Cases, 43, are cited as being
 
 contra.
 
 However,
 
 Rex
 
 v.
 
 Gerasse,
 
 26 Canadian Crim. Cases, 246;
 
 Rex
 
 v.
 
 O’Meara,
 
 25 Caiaadian Crim. Cases, 16;
 
 Bareham
 
 v.
 
 The King,
 
 26 Canadian Crim. Cases, 211, hold such machines to be gambling devices. See also 27 C. J., 989;
 
 Territory
 
 v.
 
 Jones,
 
 14 N. M., 579, 20 L. R. A., (N. S.), 239, 20 Ann. Cas., 128;
 
 Muller
 
 v.
 
 Wm. F. Stoecker Cigar Co.,
 
 89 Neb., 438, 131 N. W., 923, 34 L. R. A., (N. S.), 573.
 

 This record fails to show that the checks received as a result of the consecutive play by the state’s witness were redeemed or even offered for redemption in trade at the store of the defendant. Until something was received, or to be received in the future, as a result of the operating of the so-called gambling device we fail to see how there could be a violation of the statute. As far as the evidence goes, the machine operated as a merchandise vending device simply, and' the features of the machine which might make the same a gaming device were not utilized by the state’s witness, nor shown by the evidence adduced.
 

 
 *348
 
 If some gain or profit, or the right thereto, had been shown, a different question might have been presented, but' the evidence stopped short of showing that the machine was operated as a means of securing something for nothing.
 

 The machine was not used, as is said in
 
 City of Moberly
 
 v.
 
 Deskin,
 
 169 Mo. App., 672, 155 S. W., 842, as
 
 “a
 
 contrivance which was intended to allure the player into continuing to play in the hope that next time the indicator would point to trade checks and thus bring him something for nothing. ’ ’
 

 The record is completely silent as to any gain to the player as a result of his operation of the machine consecutively or otherwise. For each 5 cents played in the machine he received a package of mints each ostensibly of a commercial value of 5 cents. No profit or gain, present or future, by the hazard or element of chance of the machine, is shown to have accrued to the player. He received just what he paid for, a so-called 5-cent package of mints. The checks he received the player made no effort to turn into profit, and the defendant testifies that he did not redeem, with merchandise, or otherwise, checks received on consecutive play, or, in other words, that he did not permit violation of the terms of the restriction on the plate.
 

 Unless the record shows a violation of the letter and spirit of the statute, it follows that no conviction thereunder can be sustained. In
 
 State
 
 v.
 
 Meyers,
 
 56 Ohio St., 340, 47 N. E., 138, it was held:
 

 “(1) A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms, though they
 
 *349
 
 appear to be within the reason and spirit of. the statute.”
 

 The case of
 
 Snyder
 
 v.
 
 Swope, Director of Safety,
 
 23 Ohio Law Reporter, 361, the case decided by the Court of Appeals of Fairfield county, with which this case is certified as being in conflict, was a civil action for an injunction restraining the safety director of the city of Lancaster from interfering with the operation of certain candy vending machines.
 

 In the
 
 Snyder case
 
 the conclusion of the Court of Appeals was based upon the principles of equity applicable to the granting of injunctive relief in a civil action, whereas in the case at bar the Court of Appeals of Hamilton county was dealing with a criminal case, and the paramount question before it was whether or not the record disclosed sufficient proof of each and every element going to make up the offense charged in the affidavit to sustain a conviction by evidence beyond the existence of a reasonable doubt.
 

 We think the records before the two courts of appeals were so essentially different, and the principles of law applicable thereto of such dissimilar character, that the respective conclusions reached do not constitute a conflict of opinion. This case is a criminal one and requires the application of the well-known principles applicable to criminal cases.
 

 • We have examined the authorities cited by counsel for the state and for the defendant. Without discussing them at length, it is sufficient to say that most of them refer to machines which do not disclose the result of operation until
 
 after
 
 the play
 
 *350
 
 is made. Others permit consecutive plays; but until a record is presented which shows consecutive plays, or consecutive alternate play, or some other manner of play, as a result of which premiums, checks, or coupons are received, which secure to the player or players something for nothing as a result of his play, we fail to see how there can be a violation of the statute; nor is the case of
 
 State
 
 v.
 
 Certain Gambling Instruments and Apparatus of Paul, supra,
 
 especially in point, for the reason that in that ease there was a proceeding
 
 in rem
 
 to have a certain “nickel-in-the-slot” machine declared forfeited to the state in accordance with the laws of Rhode Island.
 

 It is to be noted that in that case Rathbun, J., says: “However, the question of intent is unimportant, as this is a proceeding, not against, the owner, but against the machine.”
 

 In the case at bar the intent of the defendant to keep the machine as a gaming device for gain is of the essence of the offense, which might be shown under certain conditions by redeeming the checks won by the player, thus bringing something of value to the player for nothing, which might appeal to the gambling instinct.
 

 In the light of the meager record presented in this case, we are unable to find that the state showed beyond the existence of a reasonable doubt the essential elements going to make up the offense charged, and we are, therefore, led to the same conclusion reached by the common pleas court and the Court of Appeals, to wit, that the record does not show sufficient to sustain the judgment of the justice of the peace.
 

 
 *351
 
 Our conclusion is that the judgment of the Court of Appeals in affirming the judgment of the common pleas court must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Day, Kinkade and Robinson, JJ., concur.
 

 Marshall, C. J., and Jones, J., not participating.