31293.   THOMPSON, for use, etc., *v.* LEDBETTER *et al.*

Decided September 5, 1946.   Rehearing Denied October 18, 1946.

*Erle M. Donalson,* for plaintiff.

*Vance Custer, Charles H. Kirbo, H. G. Bell, A. B. Conger,* for defendants.

PARKER, J.  Mrs. Adeline Thompson, for the joint use of herself and the educational fund of Decatur County, Georgia, sued Monroe Ledbetter and Gus Love for $2455.70.  She alleged that her husband, Charlie Thompson, lost the sum sued for in the playing of certain gambling devices described in the petition and known as slot machines, which were maintained and operated by the defendants.  An itemized account of the alleged losses was attached and made a part of the petition, and it was alleged that the defendants had not paid back or returned any of the money so lost to the loser, and that six months had expired since each of the losses occurred and no suit had been filed by her husband for the recovery of any portion of the money so lost by him.  The suit was brought under the Code, § 20-505, which provides for the recovery of the consideration paid under gaming contracts, under the circumstances therein stated.  A general demurrer was sustained and the action dismissed.

This court has held that slot machines, as described in the petition, and their method of operation constitute a lottery (*Keeney* v. *State,* 54 *Ga. App.* 239, 187 S. E. 592) ; and that one operating a slot machine, where persons "playing" the machine may, *by chance,* get articles of value worth more than the money deposited in the machine, is guilty of violating the Code, § 26-6502, making it a misdemeanor to carry on any lottery or other scheme or device for the hazarding of any money or valuable thing.  *Brockett* v. *State,* 33 *Ga. App.* 57 (125 S. E. 513).  A similar ruling was made by the Supreme Court in *Jenner* v. *State,* 173 *Ga.* 86 (159 S. E. 564). Although a lottery is a form of gaming, neither the act of 1764 nor the act of 1765, the sources from which § 20-505 of the Code was codified, authorized suits to recover money or property paid out on account of lotteries or transactions in the nature of lotteries.  The act of 1765 made special reference to the act of 1764, but it only authorized suits for such recoveries for money paid out or property delivered on account of losses sustained by "playing" or "betting"

at "any game whatever," and the Code section has reference to the recovery of money or property paid or delivered up on account of losses by playing or betting at a game. Although all gaming and gaming or wagering contracts are denounced by our law, the instance stated above is the only one in which there is legislative authority for a loser to recover from a winner money or property paid by the loser on a gaming contract. *Lasseter* v. *O'Neill,* 162 *Ga.* 826, 829 (135 S. E. 78, 49 A. L. R. 1076). All other instances of gaming, including lotteries and transactions in the nature of lotteries, would come under the general principle that illegal contracts will not generally be enforced, the law leaving the parties where it finds them. "When money is actually paid over upon an illegal contract it is clear that it can not be recovered back, the contract being executed and both parties being in pari delicto." *Ingram* v. *Mitchell,* 30 *Ga.* 547(5). The only exception to this general rule is that contained in the Code, § 20-505, which we do not think is applicable to the facts of the instant case because the transaction here involved was a lottery. Even though lotteries are illegal (§ 26-6502), there seems to be no statute authorizing the recovery of money paid out or lost in the operation of a lottery.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*