Weygandt, C. J.,
 

 dissenting. The Court of Appeals unanimously held that “the said articles are gambling devices and were intended to be so used when seized by. or on behalf of the said chief of police and as Such were subject to be summarily seized and confiscated by the chief of police or the Police Department of the city of Cleveland.”
 

 This statement is substantiated by the record. Furthermore, in the opinion of the majority of this court it is properly observed that the machines here involved are conceded to be gambling devices and that they are gambling devices
 
 per se.
 
 This is in conformity with the pronouncement in- the
 
 per curiam
 
 opinion of this
 
 *159
 
 court in the ease of
 
 Kraus
 
 v.
 
 City of Cleveland,
 
 135 Ohio St., 43, 19 N. E. (2d), 159, that it “may be stated as a general rule that an automatic or mechanical machine which discharges tokens or slugs of a size and shape capable of being replayed into the machine, in reward for successful play, is a gambling device
 
 per se.”
 

 Then in the majority opinion in the instant case it is said that “since the title to the property, upon the death of Weisenberg, vested in the executor and was therefore
 
 in custodia legis,
 
 there can be no presumption that the devices in question were being kept or exhibited for gain contrary to law, and, since there was no evidence to support such a claim, the property was unlawfully seized and confiscated,” and reliance is placed on the decision in the earlier case of
 
 State
 
 v.
 
 Krauss,
 
 114 Ohio St., 342, 151 N. E., 183. But that was a criminal ease, while the instant one is civil. In that case, too, the burden, of course, was upon the state to produce proof beyond a reasonable doubt that the defendant was guilty of violating the provisions of Section 13066, General Code, the section involved in the instant case. In the
 
 per curiam
 
 opinion in that case it was stated by the four concurring members of the court that 4 4 in the light of the meager record presented in this case, we are unable to find that the state showed beyond the existence of a reasonable doubt the essential elements going to make up the offense charged, and we are, therefore, led to the same conclusion reached by the Common Pleas Court and the Court of Appeals, to wit, that the record does not show sufficient to sustain the judgment of the justice of the peace.”
 

 Furthermore, in the instant case the burden of proof is upon the complainant-executor. As stated in the ma
 
 *160
 
 ■jority opinion, the title to the gambling devices vested in the complainant-executor upon the death of the testator. However, the executor acts solely in a representative capacity, and hence his right to the gambling devices can be no greater than that of the testator. Does the record disclose evidence tending to show that the gambling devices were “kept or exhibited for gain”? A police officer testified as follows:
 

 “A. They are used for gambling devices. * * *
 

 “A. I saw that they are. one-armed bandit machines, used for gambling devices.”
 

 In view of this unambiguous testimony it hardly seems proper for this court to hold that the record discloses no evidence tending to support- the claim that the gambling devices were “kept or exhibited for gain.”
 

 The unanimous judgment of the Court of Appeals should be affirmed.