32419. MOORE *v.* ATLANTA ATHLETIC CLUB.

GARDNER, J. (*a*) The plaintiff, here and in the court below, sued Atlanta Athletic Club to recover a sum of money as an informer under the Code, § 20-505. The petition alleged that the large sum which he sought to

recover had been, by various parties, deposited in slot machines of the defendant during the four years immediately preceding the filing of his petition, and that more than six months had elapsed. Thus he claims in his petition that he, as an informer, is entitled to recover the sum under the provisions of the said Code section. He did not designate any persons who had, during this period of time, deposited the money in the device known as a slot machine. We will not, however, base the decision in this case on the ground that the plaintiff fails to set out in particularity any person who played the machine during the period covered by the suit. We do this for the reason that, if he had designated the parties and the amounts they played into the machine, still we must hold that, even under such allegations, the petition would not set out a cause of action against a general demurrer. The trial court sustained the general demurrer and dismissed the petition.

(b) This identical question was before this court in *Thompson* v. *Ledbetter,* 74 *Ga. App.* 427 (39 S. E. 2d, 720). In that case this court clearly and succinctly held that the trial judge did not err in sustaining the general demurrer and dismissing the petition. That case was almost identical with the one now before us, except that in that case the name of the loser and the amount which was lost was set out specifically in the petition. The case there, as here, involved a slot machine. There this court held that the Code section did not apply to a slot machine. This conclusion was based on the construction of the statute by the Supreme Court of this State. This court held in that case that what is generally known as a slot machine is a lottery and was not "the playing" or betting "at any game whatever," and the Code section has reference to the recovery of money or property paid or delivered up on account of losses by "playing or betting at a game"; that this section in question does not apply to lotteries; and that playing on a slot machine is a lottery. The decision of this court in that case was based on a construction of said Code section by the Supreme Court in the decision cited in that case. We see no advantage to be gained by here, in the instant case, dealing at length with that question again. This case is controlled adversely to the plaintiff by *Thompson* v. *Ledbetter,* supra, and the decisions cited therein. We are asked to overrule *Thompson* v. *Ledbetter.* This we decline to do for the obvious reason that this decision was but applying the construction of the statute by the Supreme Court, in a case written by that court approximately 20 years ago. This court is bound by the Supreme Court decisions cited in *Thompson* v. *Ledbetter,* supra. Earnest counsel for the plaintiff call to our attention, in his brief, many decisions of this court and of the Supreme Court and newspaper editorials and magazine articles which he contends—and we hold erroneously—to the effect that the construction of the Code, § 20-505, is wrong. All of these citations to which our attention is called pyramid to the one contention of the plaintiff that the case of *Thompson* v. *Ledbetter,* supra, is detrimental to the public welfare and should be overruled. And counsel for the plaintiff tends to argue that, if this court permits that decision to stand it would be indicative that this court impliedly would approve of gambling. Of course this position is untenable. Slot machines and any sort of

device for the hazarding of money are a violation of the criminal laws of this State, and anyone violating these criminal statutes subjects himself to the penalties of our penal Code. It is not for this court to pass upon the wisdom of the provisions of Code § 20-505. The construction of it placed there approximately 20 years ago has withstood all the subsequent meetings of the legislature of this State. That branch of our government could have, during these intervening 20 years, passed an act changing the construction of this Code section if they had seen fit to do so. It would, therefore, seem to follow that the succeeding legislatures since the construction of this act were content with the decisions construing this Code section. It is, therefore, beyond the authority of this court to attempt, by a decision, to change the provisions of the act of 1765 codified in the Code as § 20-505, and construed by the appellate courts many times and particularly as set forth in *Thompson* v. *Ledbetter,* supra.

The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED MARCH 18, 1949. REHEARING DENIED MARCH 30, 1949.

*Malcolm A. Brenner Jr.,* for plaintiff.
*Jones, Williams & Dorsey,* for defendant.