Zimmerman, J.
A boxlike contrivance with machinery inside and a lever to operate it, which is “played” by dropping coins in a slot and pulling the lever, the person playing it winning or not, depending on the manner in which the inside mechanism performs, and which is designed for the purpose of gambling is “a gambling device or machine” per se and comes within the purview , of Section 13066, General Code. See Kraus v. City of Cleveland, 135 Ohio St., 43, 45, 19 N. E. (2d), 159, 160.
The state’s evidence herein shows that the instrument involved was in a conspicuous and accessible location in defendant’s place of business; that it was in working order; that it contained a number of coin3 *156 of the kind required to “play” it; and that its construction and operation were such as to make it purely a gambling device.
Certainly it is a matter of common knowledge that a “nickel-in-the-slot” machine, frequently referred to as a “one-armed bandit,” of the type displayed by.the defendant in his establishment is not maintained for decoration or as a philanthropic object to which patrons may contribute their means. It is intended to be and is a money maldng proposition for those to whom the device belongs.
It seems to us that, in a case where the state proves that a machine which is a gambling device per se was being prominently exhibited by defendant in his establishment open to the public, and the defendant produces no evidence that the machine was there for any purpose other than that for which it was expressly designed, the. conclusion is justified that the machine was present for the purpose of gambling and for the defendant’s pecuniary advantage.
This court is of the opinion that the state produced sufficient evidence to sustain a conviction of the defendant for keeping and exhibiting a gambling machine for gain, and that the Court of Appeals in reversing the judgment of conviction construed the statute and the evidence too strictly against the state.
The instant case is clearly distinguishable from the cases of State v. Krauss, 114 Ohio St., 342, 151 N. E., 183, and In re Estate of Weisenberg, 147 Ohio St., 152, 70 N. E. (2d), 269. In the former “the machine operated as a merchandise, vending device simply,” and in the latter the executor of an estate brought a proceeding in the Probate Court to recover from a chief of police and coroner certain gambling contrivances which had been in storage on premises Controlled by decedent Weisenberg in his lifetime and which were removed therefrom.
*157 Therefore, the judgment of the Court of Appeals is reversed and that of the Court of Common Picas affirmed.

Judgment reversed.

Weygandt, C. J., Stewart, Taft, Matthias, and Hart, JJ., concur.