NicholsON, C. J.,
delivered the opinion of the Court.
Plaintiff in error was indicted in the Criminal Court of Davidson county, for gaming by betting, gambling and putting in hazard fifty cents, upon a certain game of hazard and address, denominated a gift enterprise, or *489 prize candy sale; and for encouraging and promoting tbe playing at a certain game of hazard and address, denominated a gift enterprise, or prize candy sale, being a scheme or game for the chance of -winning a prize of greater or less value, for money of the value of fifty cents.
A motion to quash the indictment was overruled; whereupon a trial was had upon the plea of not guilty, and verdict of guilty on the second count. Defendant has appealed to this Court.
It was proved on the trial that defendant was clerk for Burton, who was selling prize candy publicly, on the Square, in Nashville, by auction. The candy was put up in small boxes, about two inches wide and three inches long, made with a sliding drawer. Each box contained French candies worth ten cents, and each box was sold for fifty cents. Some of the boxes, besides candy, had rings, some silver half dollars, and watches and jewelry. It was guarantied that each box contained candy, and something of value not known to either seller or purchaser. It was required that each box should be opened at the time and place of sale. Each box had some article besides candy, worth from ten cents to five dollars.
The Criminal Judge charged the jury, that these facts would constitute the defendant guilty of encouraging and promoting gaming, and the jury found the defendant guilty, accordingly.
The question is, does the indictment charge facts which constitute a case of encouraging and promoting gaming, and does the evidence sustain the charge? *490 Among the several definitions of gaming found in the decided cases in our State, we adopt that given in the case of Bell v. The State, 5 Sneed, 407, as probably the most comprehensive. It is as follows: “Gaming is an agreement between two or more to' risk money or property on a contest or chance of any kind, where one must be gainer, and the other loser.” The charge in the indictment is, that defendant encouraged and promoted a certain game of hazard and address, called a gift enterprise or prize candy sale, being a game for the chance of winning a prize of greater or less value, .for money, of the value of fifty cents. The facts charged as constituting the offense, are, that there is a game of hazard known as a prize candy sale, in which fifty cents is paid for the chance of winning more or less in value than the sum paid, and that defendant encouraged and promoted this game. Assuming these facts to be true, we can have no doubt as to the sufficiency of the charge of gaming. It is the risking of fifty cents upon the chance of getting more than that sum, thereby being gainer, or of getting a less amount, in value, thereby being loser, the result depending upon chance.
The charge in this indictment is entirely different from that in the case of Saville v. The State, decided at Knoxville. In that, Saville was charged with “selling Hobbs certain closed and sealed packages containing candy and some other valuable things of uncertain and unknown value and description.” In that case, the Court say: “There is nothing put at hazard here; there is no risk. But there is here an absolute trade, a simple bargain and sale, in which the merchant de *491 livers bis goods and accepts the price. Whether that price is graduated to meet a risk on either side, we can not tell; for we are not advised either of the value of the goods or the price paid. All that is known is, that Geo. Saville sold said Hobbs a box of candy, and that he had other boxes like it, each of which contained candy and a trinket of a value indeterminate and unknown until the boxes were opened; but those other boxes he did not sell to Hobbs or to any other person, so far as the proof apprizes us.” Upon these facts, the Court hold that the offense of gaming was not charged in the indictment, nor shown by the facts proved.
In the present case, the charge is not for selling boxes of candy, but for encouraging and promoting a game or scheme of hazard and address, in which fifty cents was put at risk upon the chance of getting more or less than its value. It is clear that the two cases are wholly dissimilar, and that while the indictment in the case of Saville v. The State contained no charge of an offense, in the present case there is a valid charge of gaming.
The next question is, does the evidence make out a case of gaming? In other words, does the proof show that defendant encouraged and promoted a game, or scheme, or device, in which there was an agreement between two or more to risk money or property on a contest or chance, where one must be gainer and the other loser? The proof is, Tugendrick was engaged in putting up and selling prize candy packages as a business; that he employed Burton as auctioneer to sell for him, and de *492 fendant as clerk. Each package contained candy worth ten cents, and some other article of value from ten cents to five dollars. Each package was sold at fifty cents, to be opened in the presence of the auctioner. Neither the auctioneer nor the buyer knew what was in any box, except that each box was guaranteed to contain candy and some other article of unknown value.
Under these facts, the question presents itself, when a purchaser agreed to give fifty cents for one of these packages, and the auctioneer agreed to take it, was this an agreement on a chance, where one must be gainer and the other loser? The purchaser knows that there is ten cents worth of candy in the package, and the auctioneer guarantees that besides the candy, there is also some other article of value ranging from ten cents to five dollars or more. If, upon opening the package it contain an article of less value than forty cents, the buyer is loser and the seller is gainer. On the other hand, if the package contains an article of greater value than forty cents, the buyer is gainer and the seller is loser. The result, then, whether the one or the other is gainer or loser, depends upon chance, as both are ignorant of the contents of the package. It is clear it is not the candy for which the buyer gives his fifty cents. He knows the candy is only worth ten cents. What then is it that he is buying? Clearly the chance of getting a prize worth more than fifty cents. Pie risks fifty cents on the chance of getting more than the money paid, and thereby of being a gainer. The seller accepts the fifty cents on the chance that the purchaser will get a package worth less than fifty cents, whereby the seller will be the gainer.
*493 There is no escape from the conclusion that the facts make out a clear case of gaming. The Criminal Judge so charged, and the judgment below was according to that ruling.
We affirm the judgment.