says he did very frequently, was that he saw the engineer and his firemen or helpers do the same, instead of going up by the stairs. No other employés used it. There seem to have been none others in the cellar. This was not sufficient to prove that the lift was devoted to passenger use, or provided for that purpose by the defendant, or that the plaintiff used it by the defendant's "invitation," as the learned trial judge expressed it, in leaving the question of fact of such invitation to the jury in his charge. It was not obliged to station a man by it to prevent the plaintiff from using it. Let it not be overlooked that it was his duty not to use it. He used it at his own risk; and it seems that would have been so, even though he had obtained permission to use it for his own purpose. Such a permission given at his request would have been as matter of law to use it knowing that it was not for such a use, and therefore taking the risk of it. It would not have imposed any duty on the defendant to equip it or care for it for him. Hart v. Naumburg, 123 N. Y. 64, 25 N. E. 385; Ingram v. Fosburgh, 73 App. Div. 129, 76 N. Y. Supp. 344. The judgment and order should be reversed.

FRANK, Respondent, v. JOEL, Appellant. (Supreme Court, Appellate Division. Fourth Department. May 15, 1907.) Action by Sarah Frank against Marcus Joel, as, etc. No opinion. Judgment affirmed, with costs.

FRANK, Respondent, v. MEITH et al., Appellants. (Supreme Court, Appellate Division, Second Department. July 23, 1907.) Action by Joseph Frank against Henry C. Meith and others. No opinion. Judgment of the Municipal Court affirmed, with costs.

FRANZ et al., Respondents, v. SCHMITT, Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Andrew Franz and another against Philip Schmitt. No opinion. Judgment of the Municipal Court affirmed, with costs.

FRIEDLAND, v. VOGEL. (Supreme Court, Appellate Term. June 6, 1907.) Appeal from Municipal Court, Borough of the Bronx, Second District. Action by Koppel Friedland against David Vogel. From a judgment for plaintiff, defendant appeals. Modified and affirmed. H. Schieffelin Sayers, for appellant. Abr. A. Silberberg, for respondent.

PER CURIAM. Irrespective of the question of constructive eviction, the clause in the lease relied upon by the defendant constitutes under the authorities a conditional limitation. Kelly v. Varnes, 52 App. Div. 103, 64 N. Y. Supp. 1040; Estelle v. Dinsbeer, 9 Misc. Rep. 488, 30 N. Y. Supp. 243. Plaintiff was entitled to recover the rent for the month of October only, and judgment must be modified accordingly. Judgment modified, by reducing the amount of recovery to the sum of $22.50, and, as modified, affirmed, without costs.

In re FRITCHER. (Supreme Court, Appellate Division, Third Department. June 25, 1907.) In the matter of the final judicial settlement of the accounts of Lillie Fritcher, as administratrix de bonis non of Isabelle Fritcher, late of the town of Sharon, Schoharie county, deceased. No opinion. Final order unanimously affirmed, with costs.

FRITSCH, Respondent, v. PRALL, Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Frank Fritsch against Elizabeth C. Prall. No opinion. Judgment and order unanimously affirmed, with costs.

FROELICH, Respondent, v. INTERBOROUGH RAPID TRANSIT CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 28, 1907.) Action by Emma Froelich, as administratrix, etc., against the Interborough Rapid Transit Company. No opinion. Motions denied.

FROST, Appellant, v. REINACH, Respondent. (Supreme Court, Appellate Division, First Department. May 24, 1907.) Action by Hans K. Frost against Theresa Reinach, individually, etc. J. A. Straley, for appellant. H. M. Levin, for respondent. No opinion. Judgment affirmed, with costs. Order filed. See 81 N. Y. Supp. 246.

FULLER, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Caroline O. Fuller against the Brooklyn Heights Railroad Company. No opinion. Judgment and order of the County Court of Queens county unanimously affirmed, with costs.

GAGE, Respondent, v. WARNER–QUINLAN ASPHALT CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 15, 1907.) Action by Alfred Gage, an infant, etc., against the Warner-Quinlan Asphalt Company. No opinion. Judgment and order affirmed, with costs.

GALLAGHER v. NEWMAN. (Supreme Court, Appellate Division, First Department. May 17, 1907.) Action by Annie Gallagher against Edgar B. Newman. No opinion. Motion denied, with $10 costs. Order filed.

In re GARDENIER. (Supreme Court, Appellate Division, Fourth Department. July 9, 1907.) In the matter of charges against Wilson H. Gardenier, an attorney and counselor at law. No opinion. Issues raised by the charges and answer thereto referred to Charles W. Andrews, Esq., an attorney and counselor residing at Syracuse, N. Y., to take proofs and report to the court, with his opinion.

GARDNER, Respondent, v. THE ROYCROFTERS et al., Appellants. (Supreme Court, Appellate Division, Fourth Department.