(153 App. Div. 512.)

PEOPLE ex rel. VERCHEREAU v. JENKINS, Chief of Police.

(Supreme Court, Appellate Division, Third Department. November 22, 1912.)

GAMING (§ 74*)—OFFENSES—"GAMBLING MACHINE."

Relator maintained a slot machine with an indicator bearing the inscription "See what we give you for five cents," and a hand pointed to a space in which was shown to the depositor's view the goods procured for a nickel, consisting of a package of chewing gum and sometimes, also, two or more trade checks. While the depositor always knew exactly the number of checks which would be received for the first nickel, he would not know whether he might procure more or less trade checks by dropping in a subsequent nickel. Held, that the latter feature con-

stituted an element of chance, which made the machine a "gambling machine," contrary to the statute.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 190–198; Dec. Dig. § 74.*

For other definitions, see Words and Phrases, vol. 4, pp. 3029–3032.]

Appeal from Special Term, Warren County.

Habeas corpus proceedings by the People, on relation of Alfred C. Verchereau, against Fred G. Jenkins, Chief of Police of the City of Glens Falls. From an order discharging relator from custody, defendant appeals. Reversed, and relator remanded to custody.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

J. Edward Singleton, of Glens Falls, for appellant.

Jenkins & Barker, of Glens Falls (J. H. Barker, of Glens Falls, of counsel), for respondent.

SMITH, P. J. The relator, a resident of Glens Falls, was the proprietor of a cigar store in said city. He had in said store a machine in which was a slot for the insertion of a five-cent piece, and on the right side a lever. In front of the machine is an indicator bearing the inscription, "See what we give you for five cents." A hand points to a space, and in that space is shown the goods which can be secured for the five cents which is placed in the slot above mentioned. There is always displayed in that space a package of gum, and sometimes, in addition to the package of gum, there will be two, four, eight, or more checks, which entitle the receiver thereof to different amounts in trade in said store. Upon putting the five cents in the slot and the turning of the lever, the gum and whatever checks may be indicated will drop onto a shelf immediately below, where the person who deposited the nickel can take them out, and then appears in the above space what may be secured the next time a nickel is put in the slot, which is always a package of gum, with or without trade checks. It thus appears that with the dropping of a nickel the depositor always gets his package of gum, and always knows the exact number of trade checks which he will receive for that nickel. The element of chance lies in the fact that upon the turning of the lever and the deposit of the gum and number of checks indicated there is further indication of how many trade checks, if any, may be obtained upon the dropping of the second nickel. The number of trade checks, however, which can be obtained upon the dropping of the second nickel is only indicated after the first nickel has dropped and the lever turned. Thus, in addition to the gum and the trade checks indicated as the certain receipts upon the dropping of the nickel, is given an option to obtain a package of gum and an uncertain number of trade checks upon the dropping of the second nickel. That this uncertain option has in it such an element of chance as constitutes gambling can hardly be questioned. In fact, this element of chance only gives to the machine its value; and that its use is within the direct prohibition of the statute seems clear. The case is somewhat akin to the Matter of Cullinan, 114 App. Div.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

654, 99 N. Y. Supp. 1097, wherein the Fourth Department held that a machine somewhat similar to the machine in question was a gambling device, within the prohibition of the statute.

The respondent urges, however, that this question has been decided by this court in the case of Yale Wonder Clock Co. v. Surman, decided without opinion, 120 App. Div. 904, 105 N. Y. Supp. 1151, and affirmed without opinion in the Court of Appeals, 193 N. Y. 632, 86 N. E. 1135. The facts in that case, however, were materially different Upon the machine there considered was a chart which indicated not only how much was to be received for the nickel deposited, but also how much was to be received for each subsequent nickel deposited, so that by an examination of the chart the exact return for the nickel was ascertainable, and there was no element of chance. It is possible that in the machine there considered this chart was placed so inconspicuously as not to attract attention, and so as to present to the ordinary customer, who did not study the chart, an uncertain option. If that machine had been attacked upon such a ground, it might well have been held to have been a gambling device; but that case was not tried upon any such theory. The referee in the case was not requested to find any fact in reference to such a theory, and, as the case stood before this court, we were not authorized to find facts not found by the referee in order to reverse the judgment.

The order discharging the relator from custody should therefore be reversed, and the relator remanded to the custody of the chief of police of the city of Glens Falls.

Order discharging relator from custody reversed, and relator remanded to the custody of the chief of police of the city of Glens Falls. All concur; BETTS, J., in result.