STATE *v.* McTeer.[*]

(*Knoxville.*   September Term, 1913.)[**]

GAMING.   Offenses.   "Gambling Device."   Slot Machine.

A slot machine inscribed "5 Cents" "Insert and receive a package of Liberty Bell Gum Fruit," at the top of which was an indicator showing the player each time he played and before he played what he would receive on each play and which always indicated either the word "Gum" on one of the even numbers from 2 to 20, so that, when it showed the word "Gum," the player received a package of gum on putting five cents into the slot, and if it showed a number, he received a corresponding number of checks worth five cents in trade at the place where the machine was located, was a gambling device, the use of which was an offense, since the lure and chance of gain induced players to continue, although without ultimate loss to the owner of the machine; it not being essential that there should be the chance of loss to the players as well as of extraordinary or greatly disproportionate gain.   (*Post, pp.* 536-540.)

Cases cited and approved:   Bell v. State, 37 Tenn., 507; Eubanks v. State, 50 Tenn., 488; Ferguson v. State, 178 Ind., 568; People, *ex rel.,* v. Jenkins, 153 App. Div., 512; Territory v. Jones, 14 N. M., 579; Muller v. Stoecker Cigar Co., 89 Neb., 438; Lang v. Merwin, 99 Me., 486; Meyer v. State, 112 Ga., 20; Loiseau v State, 114 Ala., 34; Horner v. U. S., 147 U. S., 449.

---

[*]On the question whether the operation of a slot machine constitutes gambling, see notes in 20 L. R. A. (N. S.), 239; 34 L. R. A. (N. S.), 573, and 42 L. R. A. (N. S.), 720.

[**]This case tried and decided at the September Term, 1913, at Knoxville, but opinion was not prepared and sent to publisher for publication until during the April Term, 1914, at Jackson.

FROM KNOX

Appeal from Criminal Court, Knox County.—
T. A. R. NELSON, Judge.

W. W. LAW, assistant attorney-general, for the State.

S. G. HEISKELL, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the
Court.

The defendant was presented in the criminal court
of Knox county:

"For that he . . . on the ——— day of October,
1912, in the State and county aforesaid, unlawfully did
then and there encourage, promote, aid, and assist in
playing, betting, gambling, and putting in hazard five
cents each, in a certain gambling device, known as the
Mills O. K. Gum Vendor, which is a slot machine, and
is described as follows:

"Being about five feet and ten inches square, and at
the extreme top of the machine and across the front is
inscribed the following: '5 Cents;' 'Insert and receive
a package of Liberty Bell Gum Fruit.' Near the top of
the machine is an indicator which shows the player each
time he plays and before he plays what he will receive
on each play. This indicator always shows either the
word 'Gum' or one of the following numbers, to wit:

2, 4, 6, 8, 10, 14, 16, 18, 20. If the indicator shows the word 'Gum,' the player will receive a package of gum on putting five cents into the slot. If the indicator shows any one of the numbers aforesaid, the player will receive the number of checks shown by the number on the indicator, and these checks are worth five cents each in trade at the place of business where the machine is located.

"The machine is operated as follows, to wit: The player deposits a nickel or five-cent piece in the slot and pulls the lever attached to the side of the machine. This sets the mechanism of the machine in motion, which turns a large cylinder and causes the nickel or five-cent piece to pass through the machine and fall into a receptacle at the bottom on the inside of the machine, and causes a package of gum or checks, according as the indicator showed before the lever was pulled, to drop into a receptacle at the front of the machine, where the player can get the same.

"Immediately after the nickel or five-cent piece is deposited in the slot and the lever is pulled and the play is complete, the indicator shows what the next player will get on depositing a nickel in the slot. The player always gets for his nickel or five-cent piece so deposited what the indicator showed he would get for it."

The defendant moved to quash the presentment on the ground that it charged no offense. The trial judge sustained the motion, and the State thereupon appealed to this court.

The question raised is whether the slot machine described is a gambling device. We are of the opinion that it is. It is insisted by the defendant that this is not a sound conclusion, because the indicator always shows what the player is to get before he deposits his nickel; hence it is said there is no element of uncertainty, and no opportunity of obtaining disproportionate gains, or sustaining loss, by the hazard of anything of value. It is true there is no hazard of loss, if we assume, as we think we should, that each package of gum is the fair commercial equivalent of five cents; but there is the prospect of obtaining very greatly disproportionate gains. The indicator may show a package of gum when the player deposits his nickel, and this he will get when he works the lever, but at the same time the indicator may present for the next play either one of the numbers 2, 4, 6, 8, 10, 12, 14, 16, 18, or 20, representing checks of the value of five cents each. If, for example, the number shown is 20, the player, by depositing five cents, will obtain twenty checks worth $1. So for the other numbers. The lure is the opportunity of winning from 10 to 100 cents by the deposit and expenditure of 5 cents. There must be at least one play before any of the numbers mentioned is shown on the indicator, and there may be many, and it is not known which number will appear, nor at what time, nor after how many plays. In case the checks are shown on the indicator, the owner of the machine stands to lose on that play the difference between 5 cents and the denomination of the check which the machine may

show; that is, a loss of from 5 cents to 95 cents. We may assume that the dealer makes some profit on each package of gum, and that the profits thereon, and the profits on the goods to be sold in exchange for the checks, will show an ultimate profit for him on all the contents of the machine, and this whether the contents be exhausted by one player or by many successive players. So there will be no ultimate loss to him. However, there is always a chance that any single player, by the expenditure of 10 cents, through making two plays of 5 cents each, may obtain, not only a package of gum worth 5 cents, but checks worth from 10 cents to 100 cents, and so in proportion for many plays, and a corresponding loss to the owner of the machine on such individual deals. The player is induced to continue by the fact that he is getting 5 cents' worth of gum for each play, with always the chance just ahead that the next presentation of the indicator will give him the opportunity of making a profit of from 100 to many times that per cent. We think this shows the machine is a gambling device. It is not essential that there should be the chance of loss to the players, as well as of extraordinary or greatly disproportionate gain. *Bell* v. *State,* 5 Sneed, 507; *Eubanks* v. *State,* 3 Heisk., 488.

In substantial accord with these views are the following cases in other jurisdictions: *Ferguson* v. *State,* 178 Ind., 568, 99 N. E., 806, 42 L. R. A. (N. S.), 720; *People, ex rel.,* v. *Jenkins,* 153 App. Div., 512, 138 N. Y. Supp., 449; *Territory* v. *Jones,* 14 N. M., 579, 99 Pac.,

State v. McTeer.

338, 20 L. R. A. (N. S.), 239, and note, 20 Ann. Cas., 128, and note; *Muller* v. *Wm. F. Stoecker Cigar Co.*, 89 Neb., 438, 131 N. W., 923, 34 L. R. A. (N. S.), 573; *Lang* v. *Merwin*, 99 Me., 486, 59 Atl., 1021, 105 Am. St. Rep., 293; *Meyer* v. *State*, 112 Ga., 20, 37 S. E., 96, 51 L. R. A., 496, 81 Am. St. Rep., 17; *Loiseau* v. *State*, 114 Ala., 34, 22 South., 138, 62 Am. St. Rep., 84; *Horner* v. *U. S.*, 147 U. S., 449, 13 Sup. Ct., 409, 37 L. Ed., 237.

The judgment must therefore be reversed, and the cause remanded for issue and trial.