## G. F. W. SCHULTZ    vs.    W. T. STANFORD
## AS CHIEF OF POLICE OF THE CITY OF VALLEJO
### et al.

#### SUPERIOR COURT,  COUNTY OF SOLANO

( Vending Machine Case. )

March 22nd. 1921.

Suit by F. W. Schultz against W. T. Stanford, as Chief of Police of the City of Vallejo, County of Solano, State of California, et al., for an injunction.    Alternative writ denied and order to show cause dismissed.

1.  GAMING — VENDING MACHINE HELD GAMBLING DEVICE.

A vending machine which always deposits one package of chewing gum for the player and on some plays also a number of checks redeemable in merchandise, although it indicates before deposit of coin what will be received on that play, though not what will be received on the following play, appeals to the gambling instinct to take a chance on beating the machine and its use is prohibited by Penal Code Sec. 330a.

Percy S. King,  Judge.

In The Superior Court of the County of Solano,

State of California.

G. F. W. Schultze,    Plaintiff,

-vs-

W. T. Stanford, as Chief of Police of the City of Vallejo, County of Solano, State of California, et al.

Defendants.

In this action Plaintiff seeks an order restraining and enjoining the Defendants from interfering with

or infringing upon the Plaintiff and his agents, etc., in the quiet and peaceable possession, maintenance and operation of certain machines, designated in the pleadings herein as "Gum Vending Machines".

The matter is before the Court on an application, under an order to show cause, for a temporary restraining order.

The Defendant Chief of Police files his affidavit traversing the equities of the complaint, and stating that the machines are operated "Contrary to the letter and spirit of the laws of the State of California, and the ordinances of the City of Vallejo".  The argument was devoted to the contention of Defendant that the operation of such machines is contrary to the provisions of Sec. 330a of the Penal Code of California, the attention of the Court not being directed to any ordinance of the City of Vallejo applicable to the case.

The machines in question are operated as follows: A nickel is deposited in a slot, a lever depressed, and the machine always deposits one package of chewing gum in a receptacle for the player.  In addition, on some plays, a certain number of checks or chips, redeemable in merchandise, are deposited, the number of such checks varying from two to twenty.  The machine has on its front in plain view an indicator which states exactly what will be received for the play, and the machine pays exactly what is so indicated.  That is the machine will indicate "This machine will pay one package of gum and two checks," or "This machine will pay one package of gum and no checks," or "This machine will pay one package of gum and ten checks," as the case may be.  Thus the player on the single play knows that he will pay five cents and knows exactly what he will receive for a nickel. The act of playing moves the indicator so as to show what will be paid on the succeeding play.  Therefore the inducement to the player is not the particular amount which he will receive for the nickel which he now deposits, but the hazard as to what he will turn up

on the indicator for the next play.    Presumably the package of gum must be intrinsically worth less than five cents, though this does not appear from the statement in evidence.    Therefore, on the play in which no checks are paid, the owner of the machine makes a profit.    Manifestly, on the play when checks are paid the machine owner suffers a loss, as each check is worth five cents in trade.

Is this "a slot —— machine ——— upon the result of action of which money or other valuable thing is staked or hazarded" etc., as defined in Section 330a of the Penal Code?

If the matter be considered solely from the standpoint of one play, then there is no element of chance. It is perfectly plain that the player will receive exactly what he pays for and that he will get either more or less than value received for his money, depending upon what the indicator shows when the play is made.    He never gets exactly five cents' worth.    The owner of the machine also will make a loss on the transaction, or will make more than the usual profit on a package of gum.    However ,it is inconceivable that a player will play but once.    It is safe to assume that at the first play he will find the machine set to pay only a package of gum; either the last player or "The house" will naturally have seen to that.    Therefore he makes the first play hoping that the indicator will be turned to a point next time which will afford him the chance to "Beat the machine".  The lure  is the chance of winning from 10 to 100 cents by the deposit of a nickel.  It may be stated  with certainty that the owner of the machine takes no chance of loss.  He may lose on the one play, but it must be evident that the machine would not be offered for the use of the public unless the owner knew it would bring him a profit.    It does not appear whether this profit is or is not more than the legitimate profit on the sale of the gum.    On two plays, or any given number of plays, the result is a hazard for the owner, but ultimately he must manifestly be the winner.    So with the player.    On the play he knows what

he will receive; On two, or any given number he may make a winning or a loss, but the ultimate result of his playing is a loss to the player or players.

There is always the chance that the individual player, by making two plays, may receive two packages of gum and checks worth one hundred cents.   He is induced to continue playing by the fact that he always has the chance just ahead that the next presentation of the indicator will give him the opportunity of making from 100 per cent. profit to many times that amount.

As said by the Court in the case of STATE VS. McTEER, 129 Tenn. 535, "The question raised is whether the slot machine described is a gambling device.   We are of the opinion that it is.—We think this shows that the machine is a gambling device." In that case the machine seems to have been one operated exactly on the plan of that in question here.

In the case of Welch vs. Commonwealth, a Kentucky case reported in 200 S. W. page 371, the court in speaking of a machine apparently exactly similar to the one here, says:

> "It undoubtedly appeals to the player's propensity to gamble.   The thing growing out of its use that attracts the player is the Chance that, ultimately, he will receive something for nothing.   It therefore contains the vice at which the statute is directed, and though the inventor of the machine has endeavored to adhere to the letter of the law, the fact remains that he has violated its spirit."

In Re.   Cullinan State Commissioner etc., 99. N. Y. Supp. 1097, it is said:

> "The inventor of the present machine has attempted to obviate the criticism to which other slot machines have been subjected by cunningly returning to the operator of the

machine a check or ticket which secures to him in cigars or liquor the amount of his stake.    Like most endeavors to adhere to the letter of the law, while violating its spirit, he cannot succeed.    The present device administers to the gambling humor the same as other slot machines of substantially similar design.    Unless it did this it would not entice the customer.    If in every instance it returned actually five cents in coin to the player, no one would pretend that the device would attract any one.    So if on every cast a ticket was run out calling for five cents in trade no person would take the trouble to drop a nickel in the slot.    It is the hazard — the chance of winning more than the sum ventured — which draws people to the machine, and that element was the conspicuous one retained in its mechanism, and it is that which brings it within the condemnation of the statute forbidding gambling".

There are other cases holding to the same effect.

Therefore, on the authorities above quoted, I am satisfied that the machine here is one forbidden by the terms of Section 330a of the Penal Code of California.

The alternative writ is denied and the order to show cause dismissed.

Dated this 22nd of March, 1921.

Percy S. King,    Judge.