### CAGLE v. STATE. (8 Div. 988.)

(Court of Appeals of Alabama. June 6, 1922.)

Gaming ⬤➡68(3)—Slot machine held a device of chance, although indicating immediate returns.

A slot machine, yielding gum and nickels at different times, *held* a device of chance, although the indicator thereon always showed what the player would get the next time he deposited his nickel.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

George Cagle was convicted on a charge of setting up, carrying on, or operating a device of chance, viz. a slot machine, and appeals. Affirmed.

R. E. Smith, of Huntsville, for appellant.

Slot machines are not per se gambling devices, and are licensed and recognized by the Legislature and the courts. 83 Mo. App. 198; Acts 1919, p. 483; 16 Ala. App. 440, 78 South. 638; 80 South. 893. Some element of chance must enter into its operation before it can constitute a criminal offense. 138 Ala. 86, 35 South. 28, 100 Am. St. Rep. 17; 88 Ala. 196, 7 South. 338, 7 L. R. A. 599, 16 Am. St. Rep. 38; 142 Ala. 552, 38 South. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43; 114 Ala. 34, 22 South. 138, 62 Am. St. Rep. 84; 137 Ala. 101, 34 South. 1018.

Harwell G. Davis, Atty. Gen., for the State.

This case is ruled by the following authorities: 12 R. C. L. 730; 178 Ind. 568, 99 N. E. 806, 42 L. R. A. (N. S.) 720, Ann. Cas. 1915C, 172.

SAMFORD, J. The following is a sufficient statement of facts:

"I went into his place of business and found a slot machine in said place, and I played this machine. This slot machine had on it a chewing gum device; it had a slot, and was operated with two levers. It also had on it an indicator. There was gum in the gum device. The machine was operated in the following manner, and I operated it in such manner, to wit: In the slot of the machine I dropped a nickel. Before dropping the nickel, I saw that the indicator showed that I would receive gum. After dropping nickel in the slot I pulled the lever on the main machine; this caused the mechanism in the machine to revolve and finally the machine stopped. Thereupon I pulled a second lever, which is situated at the bottom of the gum device, and a package of gum was deposited on the counter. This package of gum has a retail value of 5 cents. When the machine stopped revolving, the indicator showed the figure 2; by this I knew that, if I would deposit another nickel in the slot and pulled the lever to the main machine, two nickels would be dropped in a cup or receptacle on the machine for this purpose. I deposited the nickel in the slot, pulled the lever to the main machine, and, after the mechanism of the machine had revolved, two nickels were dropped in this cup. I picked them up and put them in my pocket. I played the machine probably for 30 minutes; each time depositing a nickel in the slot, and each time before depositing the nickel, I saw what the indicator showed. The most of the time it indicated that I would receive gum, but a few of the times it indicated that I would receive nickels. I remember that upon one time the indicator showed the figure 12, and by this I knew that I would get 12 nickels if I deposited one nickel in the slot and pulled the lever to the main machine. I did this and got the 12 nickels. Before getting the gum that the indicator shows that you will get, you not only have to pull the main lever on the machine, but you have to also pull the lever at the bottom of the device. The main machine could be operated by pulling the main lever, and this would unlock the gum; but before getting the gum you had to pull the lever at the bottom of the gum device. I did not always pull the lever at the bottom of the gum device, and therefore did not always get gum, though the indicator showed that I could get it, and I knew that it was there for me, and that all I had to do was to pull the lever at the bottom of the machine. This machine belongs to the defendant, George Cagle, was in his place of business in the city of Huntsville, Madison county, Alabama, and I not only operated it as stated above, but I saw other people come in and operate it in like manner. The indicator on it always showed what the one playing the machine would get if he saw fit to deposit his nickel and operate the levers on the machine. The machine could be operated without gum or indicator, but this machine was never so operated."

The foregoing facts constitute a violation of the statute, and with the other facts proving time and venue authorized a conviction and the giving of the affirmative charge for the state. 12 R. C. L. 730, Ferguson v. State, 178 Ind. 568, 99 N. E. 806, 42 L. R. A. (N. S.) 720, Ann. Cas. 1915C, 172.

The judgment of the circuit court is affirmed.

Affirmed.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes