## CONVICTION OF EXHIBITOR OF SLOT MACHINES.

Muncipal Court of the City of Akron.

### THE CITY OF AKRON v. VASA STOJANOVIC.

Decided, July 31, 1923.

*Gambling—Slot Machines within the Prohibited Devices—May be Destroyed, When.*

Whenever the element of chance is embodied in a device or machine, making it possible for a player to receive something for nothing, it comes within the provisions of an ordinance prohibiting the exhibiting of a gambling machine or device for gain; and the gambling feature is not eliminated by a provision whereby players receive some consideration for their money.

ZESIGER, J.

This cause came on to be heard on the motion of the defendant for a new trial, and was submitted to the court. On consideration whereof, said motion is overruled as to each and every branch thereof.

The defendant, Vasa Stajanovic, was brought to trial under Chapter 4, subdivision 2, Section 51, of the revised ordinances of the city of Akron, which reads as follows:

"Whoever shall keep or exhibit for gain, or to win or gain money, or other property, any gaming table, device, instrument or apparatus, except billiard or pool tables, nine-pin or ten-pin alleys or tables, shooting alleys or galleries, and ball alleys, or shall carry on or be in any manner engaged in carrying on or promoting any lottery, gift enterprise or scheme of chance of any kind or description whatever shall be fined not more than five hundred dollars; and upon conviction of the keeper or exhibitor of any such gaming table, device, instrument or apparatus, the Director of Public Safety may order the Chief of Police or other officer of the police department to destroy by burning or otherwise, any such gaming table, device, instrument or apparatus kept or exhibited by such person."

To this charge the defendant entered a plea of not guilty, and trial being duly had the defendant was found guilty as charged.

The question involved is whether or not the machine in question comes within the provisions of the city ordinance referred to.

The evidence discloses that the device used in the transaction which is the cause of this proceeding, is known as a slot machine and is operated by inserting nickels or chips in a slot and then pulling a lever which puts the machine in operation; that the player would receive at times a package of confection, viz: mint or gum, and a certain number of chips as shown by the indicator or dial, to which said indicator or dial pointed after the time of making the play.

.1.   The defendant being prosecuted under the chapter and section of the ordinance hereinbefore referred to, the question arose, "What is a 'gambling device'?"

Gambling Device—"It has been judicially defined as an invention used to determine the question as to who wins and who loses, that risk their money on a contest or chance of any kind  *  *  . An instrumentality for the playing of a game on which money may be lost or won; anything which is used as a means of playing for money or other thing of value, so that the result depends more largely upon chance than skill.  *  *  *  It is not necessary that both parties should stand to lose in order to constitute or make a device a gambling one." 27 C. J., at page 988, section 101.

2.   What is a "slot machine?"

Slot Machines—"The various courts have formulated different rules for determining when a slot machine is a gambling device, but one which seems to have been accepted very generally is that where one who plays a slot machine stands to win or lose money, trade or checks by hazard or chance, the machine is a gambling device.

A machine is a gambling device where its operation is such that although the player in any event will receive something, he stands a chance to win something in addition." 27 C. J., page 988.

Numerous decisions involving the question at bar have been handed down by various courts of other states, viz: *Welch* v. *Commonwealth of Kentucky*, 200 S. W., page 371, 1918 L. R. A. (N. S.), 651.  *State* v. *McTeer*, 129 Tenn., 535, 167 S. W. 121, wherein the court said that the slot machine was a gambling de-

vice. *City of Moberly* v. *Deskin*, 169 Mo. App. 672, 155 S. W. 842; *People ex rel Vercheraux*, v. *Jenkins*, 99 N. Y. S. 449; *Charles Ferguson* v. *State of Indiana*, 99 N. E., 806, 42 L. R. A. (N.S.) 720; *Mueller* v. *Stoeckel Cigar Co.*, 34 L. R. A., (N.S.), 573, 89 Neb., 438, and *Territory of N. M.* v. *Jones* 20 L. R. A. (N.S.), 239; 14 N. M., 579.

In the 20th O. N. P. (N.S.), page 525, *Mills Operating Company* v. *Village of Toronto*, the court said:

"A slot vending machine which upon deposit of a nickel will release a package of chewing gum together with checks  *  ·*  ·* good in trade in the store where the machine is installed, is a gambling device, notwithstanding some consideration is received for every nickel played."

·· Whenever the element of chance enters into the playing and the player has the opportunity to receive something for nothing, something without consideration, it come; within the provision of the law prohibiting the operation of a gambling machine or device."

"It is the element of chance in the game that makes it illegal; whether one receives something or whether he receives nothing is not material."

"The gain may be either for himself, the defendant, or another who may be the owner of the machine."

There seems to be the impression abroad that so long as the player receives something of value  in return for the  money played, the owners of this device, are within the law and can not be prosecuted for keeping and exhibiting a gambling device. That impression is clearly erroneous.

Whenever the element of chance enters into the play and the player has the opportunity to receive something for othering, it comes within the provisions of the ordinance prohibiting the exhibiting for gain of a gambling machine or device.  We are firmly convinced that there is no dispute among the authorities upon that proposition.

The device referred to in this particular transaction is one in which the element of chance makes it illegal, and whether one receives something or whether he receives nothing is not material. If that were not the case every game of chance, very gambling

device could be legalized by giving to the player some consideration for the money which he wagers in the game. This machine is therefore clearly one which comes under the provisions of the ordinance prohibiting the keeping or exhibiting of a gambling device or machine as provided in the revised ordinances of the city of Akron.

There is perhaps no form of gambling that is more subversive to public good than the form of gambling developed by these machines. They induce and encourage boys to play them and thereby encourage and develop the latent spirit of gambling which is so prevalent and prominent among the American people.

The statement was made during the trial by counsel for defendant that the device in question could not be brought into court for the reason that it was not now within the county of Summit or the state of Ohio. The city ordinance does not empower the court to confiscate or destroy devices of this nature, but we believe, were this machine within the court's jurisdiction that a court order could be made, ordering it to be destroyed. But the ordinance does provide that any device, covered by the ordinance under which this action is brought, may, by order of the director of public service, be destroyed by the chief of police or other officer of the police department, by burning or otherwise, which would be ordered enforced in this particular instance.

Therefore, a journal entry may be drawn; motion overruled in each and every branch thereof. To all of which judgment and ruling of the court the defendant is given his exceptions.