[No. 2992.   Nov. 10, 1926.]

STATE v. APODACA.

[251 Pac. 389.]

SYLLABUS BY THE COURT

The fact that a slot machine always pays the player the value of his money in chewing gum does not exclude it from the operation of the anti-gambling law. Chapter 86, Laws 1921.

Appeal from District Court, Dona Ana County; Ed Mechem, Judge.

Alvino Apodoca was convicted of playing a game of chance with a slot machine, and he appeals. Affirmed and remanded, with directions.

Herron & Posey, of Las Cruces, and Croom, Goldstein & Croom, of El Paso, Tex., for appellant.

John W. Armstrong, Atty. Gen., and James N. Bujac, Asst. Atty. Gen., for the State.

---

[1] 27CJ p. 989 n. 66, 67.

OPINION OF THE COURT

WATSON, J.  Appellant was convicted under section 1, c. 86, Laws of 1921, which reads as follows:

"It shall hereafter be unlawful to play at, run or operate any game or games of chance such as keno, faro, monte, passfore, passmonte, twenty-one, roulette, chuck-a-luck, hazard, fan tan, poker, stud poker, red and black, high and low, craps, blackjack or any other game or games of chance played with dice, cards, punch boards, slot machines or any other gaming device by whatsoever name known, for money or anything of value, in the state of New Mexico."

The particular charge is that he unlawfully played a game of chance with a slot machine.  By stipulation, the slot machine in question is described as follows:

"Every time you put a nickel in the slot machine the indicator shows exactly what you get with the nickel, in the way of chips as well as gum.  Each time you put in a nickel you get gum, and each time the indicator will show the number of additional chips you get with the particular nickel you put in, and if you deposit chips in the machine you may get additional chips if the indicator so shows, but do not get gum; the indicator at all times showing what you get whether playing a chip or money, each chip having a purchasing power of five cents at the place only where the slot machine is operated."

Appellant first contends that this case involves different principles, and is not controlled by Territory v. Jones, 14 N. M. 579, 99 P. 388, 20 L. R. A. (N. S.) 239, 21 Ann. Cas. 128.  This may be conceded.

Appellant also urges upon us a large number of definitions of gambling or gaming, contending that the game in question is outside of such definitions.  We do not admit this, but think it unnecessary to consider them in detail.  The comprehensive character of the present gambling law of this state is remarked upon in Grafe v. Delgado, 30 N. M. 150, 228 P. 601.  We do not think that this case is to be decided by a comparison of the game played with abstract definitions, or with definitions framed to meet particular states of fact.

The appellant contends that the player operating the machine in question is not engaged in a game of

chance, because, while he enjoys the possibility of winning, there is no chance of loss, since, for each nickel deposited, he is sure to obtain value in chewing gum. He argues, further, that while in the particular transaction the proprietor risks the loss of checks having a value in trade, such checks are only given to stimulate business and are no part of the transaction between the owner of the machine and the player. These contentions are presented with like ingenuity as has been devoted to the invention of devices to avoid the spirit of the anti-gambling laws. It would be profitless to follow appellant's reasoning. It seems clear to us, from every standpoint, that we are here dealing with a game of chance, the playing at which is prohibited by the statute. Every argument advanced by appellant finds answer in the cases cited by the state. Salt Lake City v. Doran, 42 Utah, 401, 131 P. 636; People ex rel. Verehereau v. Jenkins, 153 App. Div. 512, 138 N. Y. S. 449; City of Moberly v. Deskin, 169 Mo. App. 672, 155 S. W. 842; State v. McTeer, 129 Tenn. 535, 167 S. W. 121. We approve the reasoning of these able courts. See, generally, case note, "Operation of Slot Machine as Gambling," 20 L. R. A. (N. S.) 239, where the author says:

"Although, on account of the difference in the statutes involved, the question is variously presented in the following decisions, the generally prevailing opinion seems to be that the operation of slot machines will be considered as gambling, or as coming within the inhibitions of statutes against lotteries or gambling, where the return to the player is dependent upon an element of chance, and this even though he is assured of his money's worth of some commodity, and hence cannot lose."

Finding no error in the record affecting this judgment, it will be affirmed and the cause remanded, with direction to enforce it; and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.